■ Vera B. Young, Appellant, v. State of New York, Respondent. (Claim No. 35520.) — Appeal from a judgment in favor of defendant, entered September 9, 1963, upon a decision of the Court of Claims dismissing the claim. Appellant filed a claim for alleged wrongful detention in Matteawan State Hospital from April 17, 1947 to July 25, 1957. Claimant was indicted on January 28, 1947 by the Grand Jury of New York County on 42 counts of forgery in the second degree and petit larceny. The charges were based on claimant's issuance of a number of checks, each in the sum of $67.43, drawn on an account of one Reed in a Tennessee bank. Claimant signed Reed's nàme to each check alleging that she had been authorized to do so. Reed did not honor the checks and denied the agreement. Prior to arraignment and plea to

the charges, claimant was committed on February 6, 1947 to Bellevue Hospital for observation and a report on her mental competency to stand trial. On March 28, 1947 a formal hearing was held by two psychiatrists appointed by the Court of General Sessions at which hearing claimant and other witnesses testified. The psychiatrists reported to the court that claimant was not competent to stand trial and " that she was a suitable case for commitment to the Matteawan State Hospital." On April 8, 1947 claimant was ordered committed to the hospital where she remained until July 25, 1957 when she was released following a habeas corpus proceeding. On July 31, 1957 she pleaded guilty to one count of petit larceny and received a suspended sentence. Appellant does not contest the validity of the original order of commitment on this appeal. Appellant had a prior history of mental disorders and had been admitted for treatment at Madison Sanitarium, Madison, Tennessee, on five separate occasions between April 9, 1938 and February 26, 1942. Appellant contends that the doctors at Matteawan accepted the reports from Bellevue concluding that appellant was suffering from delusions without investigation of appellant's statements upon which said reports were based while if they had investigated such statements they would have found that they were true and would have reached a different conclusion. Respondent is charged with wrongfully and negligently failing to properly diagnose appellant's mental condition and to exercise reasonable care which would have resulted in a determination that she was not insane and, therefore, improperly imprisoned in the State hospital. When appellant came to New York in 1946, she had a portfolio containing papers relating to a corporation of which she allegedly was the president; letters patent for a vacuum flue cleaner manufactured by the corporation; copies of orders for the device made by the corporation; blank certificates of stock and other papers. This portfolio was taken from her at the time of her arrest and was not produced until 10 years later at the hearing on her habeas corpus proceeding. Appellant contends that her statements to examining physicians at the State hospital concerning her interest in the corporation, as president and stockholder, were regarded as evidence of delusions, and that their conclusions as to her mental status were based on facts assumed to be false, when if properly investigated, would have been proven to be true. However, during appellant's examinations at Matteawan, she accused people of trying to poison her and trying to steal her inventions. She was suspicious of both inmates and employees and continued to state that she had a power of attorney to sign checks on Reed's account, but such power of attorney was never produced and such authority was denied by Reed. The trial court found that " The totality of the evidence * * * of enough assertions by this claimant * * * remain unproved and unestablished as to furnish an adequate basis for the conclusion reached by the Matteawan State Hospital staff of the existence of a delusional system * * * The events during the period of claimant's confinement at Matteawan tend to support the position of the Matteawan staff." The statements made to the examining physicians, plus her prior history, were sufficient to support the determination that she was mentally ill. " What facts are necessary in order to make a proper diagnosis is a matter of professional judgment, for which, unless acting in disregard of such judgment, the State may not be held liable." (*Rosario* v. *State of New York*, 33 A D 2d 122, 124.) The failure of the State's physician to make an exhaustive investigation of appellant's statements creates no liability because, at most, it was an error in medical judgment for which the State is not liable. (Cf. *Dennison* v. *State of New York*, 28 A D 2d 608, affd. 23 N Y 2d 996; *Higgins* v. *State of New York*, 24 A D 2d 147.) Appellant's further contention that the State failed to provide an adequate

staff of physicians for the care, supervision and proper evaluation of appellant's condition is without merit. There is no proof in the record that the State did not provide all the care and treatment of the inmates that could be provided within legislatively determined budgetary limits. The operation of a State institution is clearly governmental and subject to governmental and administrative decisions. The State has not waived its immunity from liability resulting from administrative or governmental decisions. (*Weiss* v. *Fote*, 7 N Y 2d 579.) " The frequency and amount of psychiatric treatment or care to be furnished to a prisoner is an administrative decision, and the type of treatment to be afforded him is a governmental function. If there has been a failure to exercise properly a governmental function (and there is no such evidence or concession), liability will not attach since the State has never waived its immunity in this regard." (*Bellows* v. *State of New York*, 37 A D 2d 342, 344.) Appellant has failed to meet her burden of proof that prior to her release in 1957 she was of sound mind and completely capable of understanding the criminal charges against her. The trial court's determination is fully supported by the record and should be affirmed. Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Simons, Kane and Reynolds, JJ., concur.