■ REDA LAUER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 50697.)—Appeal from a judgment, entered March 24, 1975, upon a decision of the Court of Claims. In February, 1940, the claimant, then age 38, was committed to Rockland State Hospital pursuant to court order after examination by two physicians. In 1967 she was released from Central Islip State Hospital, placed on welfare and attended an after-care clinic for one year. In 1969 she filed a claim against the State for false imprisonment, involuntary servitude and malpractice arising from her 27-year confinement. Claimant contends that she was never mentally ill and that during her confinement she was required to work at menial jobs without any compensation. The Court of Claims found, and we concur, that claimant's commitment was accomplished through legally correct procedures and cannot form the basis for an action for false imprisonment (Warner v State of New York, 297 NY 395). There is no evidence in this voluminous record that the order of commitment was in any respect invalid, on its face or otherwise. To the contrary, the record supports the necessity for claimant's commitment. Claimant alleges that she was improperly confined for 27 years because if the State's examining and treating psychiatrists had properly investigated her statements, they would have realized that they were not delusions. The record indicates that claimant was frequently seen by competent medical personnel who periodically examined her with a view toward rehabilitation, and, as the trial court found, there was "a substantial and genuine concern for her physical and mental well-being" while under confinement. In any event, the nature and quality of the investigation necessary in order to make a proper diagnosis is a matter of professional judgment for which, unless acting in disregard of such judgment, the State

may not be held liable *(Young v State of New York,* 40 AD2d 730; *Rosario v State of New York,* 33 AD2d 122, affd 36 NY2d 901). Claimant testified as to the work she did during her long confinement and stated that such work was involuntary on her part. The Court of Claims found, and the record amply supports the finding, that there is no evidence that the claimant's labors were involuntary or that they were unrelated to valid therapy and treatment. Claimant relies on *Bartlett v State of New York* (52 AD2d 318) in support of her contention that even if she were properly diagnosed she should have been released because she was not dangerous to herself or others. In *Bartlett* the court found that the claimant's continuing commitment was the result not of professional judgment, but rather of total indifference and neglect of duty. In the instant case, in sharp contrast, the record indicates frequent examination by competent medical personnel, with a view toward re-evaluating claimant's mental condition. In 1948 she was placed in a halfway house, but voluntarily returned to the hospital. In 1950 other placement was arranged, but rejected by the claimant. In 1966 she was approved for convalescent care, but asked that this be postponed. In 1967 she was ultimately released. Such a record clearly supports the determination of the trial court. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.