ELIZABETH LYNCH, Appellant, v ST. LAWRENCE NATIONAL BANK, as Executor of LOUIS A. AVALLONE, Health Officer of Lewis County, Deceased, et al., Respondents.—Judgment reversed, on the law and facts, without costs, insofar as it dismissed the complaint against defendant Lewis County, complaint reinstated as to that defendant, and a new trial granted and otherwise judgment affirmed. All concur, Denman, J., not participating. Memorandum: At the close of plaintiff's evidence, the trial court dismissed her complaint which alleged a cause of action against all defendants for false arrest and false imprisonment. We concur in the court's order to the extent that it dismissed the action as against Dr. Avallone and Dr. Brooks. At the time of their examination of plaintiff, they were under no duty to inquire into the sufficiency of the underlying factual allegations regarding her condition. The determination of such facts as may be necessary to make a proper medical diagnosis is a matter of professional judgment and the record contains no evidence that they deviated from contemporary medical standards in concluding that plaintiff was an alcoholic (see *Rosario v State of New York*, 33 AD2d 122, affd 36 NY2d 901; *Lauer v State of New York*, 57 AD2d 673). It follows, of course, that the conduct of the doctors affords no basis for the imposition of liability upon the defendant county. Nor may the plaintiff rely upon any act or omission of the Sheriff as a means of assessing the county's responsibility (NY Const, art XIII, § 13, par [a]; *Matter of Sirles v Cordary*, 49 AD2d 330, affd 40 NY2d 950; *Perry v Custodi*, 52 AD2d 1063). The county may be held liable, however, based upon the acts of Beryl W. Freeman, its Commissioner of Social Services. Viewing the evidence most favorably to the plaintiff, it may be found that Freeman intended to detain and confine plaintiff; that she was aware of the apprehension; that she did not voluntarily consent to the confinement; and that the confinement was not privileged (see *Parvi v City of Kingston*, 41 NY2d 553, 556). On the privilege issue, a question of fact is presented as to whether Freeman acted upon an insufficient or improper basis in relying solely upon the allegations of plaintiff's former husband. The jury should have been allowed to decide whether Freeman had a reasonable basis upon which to conclude that summary action was necessary to prevent imminent harm (see *Warner v State of New York*, 297 NY 395) or whether he should have investigated the allegations and their source to determine the need for plaintiff's immediate detention (see *Siegel v City of New York*, 43 AD2d 271). We reject the county's assertion that Freeman was acting outside the scope of his employment in directing plaintiff's detention. The record establishes that Freeman advised plaintiff's former husband of the commitment requirements and procedure; that he had his secretary type the necessary application; that he made the arrangements with the doctors for plaintiff's medical examination; and that he requested the Sheriff to pick up and transport the plaintiff to the place of examination. The arrangements with the Sheriff were made pursuant to an agreement whereby the Sheriff would transport alleged alcoholics for examination upon the request of Freeman, as the Commissioner of Social Services. This procedure indicates that the Department of Social Services considered itself responsible to take such action with respect

to alleged alcoholics, despite the absence of express statutory authority. The county is required to transport an alleged mentally ill person to a State hospital prior to an adjudication of mental incompetency (24 Opns St Comp, 1968, p 324; 6 Opns St Comp, 1950, pp 279-280), and it is not unreasonable for the county to include alleged alcoholics within this area of responsibility and employ the same procedures as to them. Having implemented a system for the preliminary detention of alleged alcoholics, the county may not now disavow the assumption of such authority and its incident burdens (cf. *Augustine v Town of Brant,* 249 NY 198). Finally, in view of our determination that plaintiff's certification was proper, she is not entitled to damages for the period of confinement subsequent to the time of certification (see *Warner v State of New York,* 297 NY 395, *supra; Casler v State of New York,* 33 AD2d 305, 309). (Appeal from judgment of Lewis Supreme Court—unlawful confinement.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.