■ TANYA NILES, Appellant, v ARVINDBHAI I. PATEL et al., Respondents, et al., Defendant. [652 NYS2d 41] —Judgment, Supreme Court, Bronx County (Stanley Green, J., and a jury), entered April 12, 1996, in favor of defendants dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's request that the hospital records she was offering into evidence be redacted, so as to excise therefrom information indicating that the conditions for which she was treated at those hospitals did not manifest themselves until after her discharge from defendant hospital, was properly denied on the ground that such information was germane to her diagnosis and treatment (*see, Tirado v 2188 Realty*, 216 AD2d 14). Plaintiff's objection that the records contain no indication of the source of such information goes to the weight, not the admissibility, of the information (CPLR 4518 [a]; *Santucci v Govel Welding*, 168 AD2d 845, 846). In any event, there was substantial additional evidence that plaintiff suffered no observable symptoms at defendant hospital indicative of the syndrome she claims was the result of the malpractice committed there, and there is no evidence that the symptoms she did complain about were indicative of that syndrome. It therefore appears that the objected to portions of the hospital records did not substantially contradict plaintiff's testimony, and that their admission could not have prejudiced her. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.