OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and matter remanded to the *109 court below for a new trial limited to the issue of damages in accordance with the decision herein.
To establish a cause of action for false imprisonment, “the plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged” (Broughton v State of New York, 37 NY2d 451, 456 [1975]). “[T]he burden of proving privilege is upon the person or entity charged with the commission of the tort” (Gonzalez v State of New York, 110 AD2d 810, 812 [1985]; see also Broughton, 37 NY2d at 458). Inasmuch as the record did not establish that plaintiff consented to his confinement, defendant was not entitled to a directed verdict (see Hernandez v Two E. End Ave. Apt. Corp., 303 AD2d 556, 557 [2003]). “As a matter of pleading[,] the defendant has the burden of proving legal justification as an affirmative defense and the defendant will be precluded from introducing such evidence [upon] a general denial” (Broughton, 37 NY2d at 458; see also Parvi v City of Kingston, 41 NY2d 553, 557 [1977]). Thus, because defendant’s answer did not interpose justification as an affirmative defense and defendant did not seek leave to amend her answer to interpose such an affirmative defense, the court properly awarded plaintiff a directed verdict as to liability (see Parvi, 41 NY2d at 557; Broughton, 37 NY2d at 458; Hernandez, 303 AD2d at 557). In any event, because defendant failed to establish that she acted in accordance with the Mental Hygiene Law, she did not sustain her burden of proving that her conduct was privileged (see Broughton, 37 NY2d at 458; Gonzalez, 110 AD2d at 812).
However, plaintiff is not entitled to recover damages for the period of his confinement after he was examined by a psychiatrist who then directed that plaintiff be involuntarily committed (see Warner v State of New York, 297 NY 395, 404 [1948]; Lynch v St. Lawrence Natl. Bank, 62 AD2d 1140 [1978]). Such intervening act by the psychiatrist terminated defendant’s liability for damages arising from plaintiffs confinement. As a result, the matter must be remanded for a new trial to determine the amount of damages, including punitive damages, to which plaintiff is entitled for the period of time commencing with his confinement at defendant’s direction and concluding with the determination by the psychiatrist that plaintiff should be involuntarily committed.
Inasmuch as the time of plaintiffs involuntary commitment is relevant to the amount of damages to which plaintiff *110 may be entitled (see Warner, 297 NY at 404; Lynch, 62 AD2d at 1141), the medical records concerning plaintiff’s involuntary commitment may establish that fact. We note that while said records were not admissible pursuant to CPLR 4518 (c), it was error to deny defendant an opportunity to authenticate them pursuant to CPLR 4518 (a) (see e.g. People v Benedetto, 294 AD2d 958 [2002]; Maxcy v County of Putnam, 178 AD2d 729, 730 [1991]). To the extent that said records may contain hearsay, such fact impacts upon their weight and not upon their admissibility (see CPLR 4518 [a]; Niles v Patel, 235 AD2d 275 [1997]).
 We note that inasmuch as plaintiffs damages claim requires various assumptions regarding salary increases, merit awards and team bonuses which were not received by plaintiff, as well as cost of living adjustments and their past and future impact upon plaintiff’s pension, such testimony may not be introduced via a lay witness who fails to establish with reasonable certainty the amount of such damages (see De Long v County of Erie, 60 NY2d 296 [1983]; Ordway v Columbia County Agric. Socy., 273 AD2d 635 [2000]; Testa v Seidler, 81 AD2d 715 [1981]). It should be further noted that prejudgment interest may not be recovered upon an award of damages for false imprisonment (see General Construction Law § 37-a; CPLR 5001 [a]; Love v State of New York, 78 NY2d 540 [1991]).
Belen, J., concurs in part and dissents in part, and votes to modify the judgment by striking the award for past and future lost earnings in the following memorandum: I agree with my colleagues’ determination that the trial court properly directed a verdict as to liability against defendant and that plaintiff is only entitled to damages which flow from the false imprisonment of plaintiff at defendant’s direction through the determination by a psychiatrist that plaintiff should be involuntarily committed (see Warner v State of New York, 297 NY 395, 404 [1948]; Lynch v St. Lawrence Natl. Bank, 62 AD2d 1140 [1978]; see generally Williams v Moore, 197 AD2d 511 [1993] [damages for false arrest not recoverable for period of time after plaintiff was arraigned]). However, I disagree with their conclusion that the matter be remanded for a new trial as to damages.
In the instant case, plaintiff was wrongfully detained for several hours. To the extent the jury awarded plaintiff the sum of $10,000 for pain and suffering, said sum was not excessive (see e.g. Stile v City of New York, 172 AD2d 743 [1991]; Galper v Port Auth. of N.Y. & N.J., 134 AD2d 324 [1987]). Although the *111 majority and I agree that the evidence adduced at trial was insufficient to support the jury’s awards for past lost earnings and future lost earnings, I would not remand the matter for a new trial as to damages. Rather, I would simply uphold the jury’s award with respect to pain and suffering and punitive damages.
“Punitive damages generally are reserved for rare cases exhibiting malice, fraud, oppression, insult, wantonness, or other aggravating] circumstances which effect a public interest” (Laurie Marie M. v Jeffrey T.M., 159 AD2d 52, 58 [1990], affd 77 NY2d 981 [1991]; see also Walker v Sheldon, 10 NY2d 401 [1961]). “Where persons in positions of power or authority wantonly misuse their authority or maliciously abuse the courts or the media, awards of punitive damages have been upheld” (Laurie Marie M., 159 AD2d at 59).
“Whether to award punitive damages in a particular case, as well as the amount of such damages, if any, are primarily questions which reside in the sound discretion of the original trier of the facts ... in this case the jury, and such award is not lightly to be disturbed” (Nardelli v Stamberg, 44 NY2d 500, 503 [1978] [citations omitted]).
To recover punitive damages as a result of his false imprisonment, plaintiff was obligated to demonstrate that defendant acted with malice to cause his detention (see Guion v Associated Dry Goods Corp. [Lord & Taylor Div.], 43 NY2d 876 [1978]; Grinnell v Weston, 95 App Div 454, 464-465 [1904]; 59 NY Jur 2d, False Imprisonment and Malicious Prosecution § 152). In the case at bar, the evidence supports a finding that defendant ensured plaintiff’s involuntary detention by falsely informing police officers who responded to the scene at her behest that defendant was being disruptive and that he had a history of violence. Accordingly, the jury’s award of punitive damages is supported by the evidence (see Mesiti v Wegman, 307 AD2d 339 [2003]; Grinnell v Weston, 95 App Div at 464-465; see generally Wolosin v Campo, 256 AD2d 332 [1998]). Since such award “is not lightly to be disturbed” (Nardelli, 44 NY2d at 503) and the record does not demonstrate that it is “so grossly excessive as to show by its very exorbitancy that it was actuated by passion” (id. at 504 [internal quotation marks omitted]), I would modify the judgment by striking the award for past and future lost *112 earnings, but otherwise affirm the jury’s award with respect to both pain and suffering and punitive damages.
Pesce, EJ., and Rios, J., concur; Belen, J., concurs in part and dissents in part in a separate memorandum.