■ DARKA GENZA et al., Appellants, v STEPHEN B. RICHARDSON, M.D., et al., Respondents. [945 NYS2d 61]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered March 3, 2011, after a jury trial, in favor of defendants and against plaintiff, and bringing up for review an order, same court and Justice, entered July 10, 2008, which denied plaintiff's posttrial motion to set aside the verdict, unanimously affirmed, without costs.

The jury's verdict that defendant Stephen B. Richardson, M.D., departed from good and accepted medical practice by not providing plaintiff with appropriate medical supervision after prescribing insulin to her on May 30, 2001, but that such negligence was not a substantial factor in causing her injuries, was supported by sufficient evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Indeed, given the evidence of plaintiff's complicated medical history and concurrent conditions, the jury could have rationally concluded that Dr. Richardson's failure to supervise plaintiff's condition was not a substantial cause of her injuries (*see generally Mortensen v Memorial Hosp.*, 105 AD2d 151, 158 [1984]).

The trial court providently exercised its discretion in permitting testimony as to the existence of a preexisting brain injury, as defendants' expert exchange adequately informed plaintiff

that their neurologist would provide such testimony (*see* CPLR 3101 [d] [1] [i]). In any event, there was no evidence of a willful failure to disclose, and there was no showing of prejudice to plaintiff (*see St. Hilaire v White*, 305 AD2d 209, 210 [2003]). The trial court also properly admitted plaintiff's unredacted treatment records, as the portions plaintiff sought to preclude were "germane to her diagnosis and treatment" (*Niles v Patel*, 235 AD2d 275 [1997], *lv denied* 89 NY2d 814 [1997]). Moreover, plaintiff's objections went to the weight of the evidence, not its admissibility (*see id.*; CPLR 4518 [a]).

There is no evidence that defense counsel's references to plaintiff's burden on causation, which were addressed by the trial court and cured by the court's charges to the jury, and brief and limited remarks as to plaintiff's expert's credibility, improperly affected the verdict (*see Pareja v City of New York*, 49 AD3d 470 [2008]; *cf. Nuccio v Chou*, 183 AD2d 511, 514-515 [1992], *lv dismissed* 81 NY2d 783 [1993]). Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.