■ HERMINIO PIZARRO et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [46 NYS3d 870]—

Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), entered April 7, 2015, to the extent appealed from as limited by the briefs, upon a jury verdict in favor of plaintiffs, awarding, as against defendant Police Officer Morales, punitive damages to plaintiff Pizarro in the amount of $1,000,000 and to plaintiff Garcia in the amount of $250,000, unanimously modified, on the law and the facts, to vacate in

toto the punitive damage awards, and otherwise affirmed, without costs. Order, same court and Justice, entered October 8, 2015, which granted plaintiffs' motion for legal fees, unanimously reversed, on the law, without costs, and the motion denied.

While plaintiffs' counsel made remarks in his closing statement that were improper, obliquely referencing a high-profile death in an altercation with police and implying that his past position as an assistant district attorney gave him personal knowledge as to why the People ultimately requested the dismissal of charges against plaintiff Pizarro, the remarks cannot be said to have contaminated the proceedings to the extent of depriving defendant Morales of a fair trial (*see e.g. Genza v Richardson*, 95 AD2d 704, 705 [1st Dept 2012]; *Chappotin v City of New York*, 90 AD3d 425 [1st Dept 2011], *lv denied* 19 NY3d 808 [2012]).

Under the facts of this case, the award of punitive damages was inappropriate (*Rand & Paseka Mfg. Co. v Holmes Protection*, 130 AD2d 429, 431 [1st Dept 1987], *lv denied* 70 NY2d 615 [1988]). The award of punitive damages to plaintiff Garcia must be vacated, because there is no evidence that Morales was involved in the assault on her.

Pizarro testified that Morales pushed him up against a wall and then down to the ground. However, the evidence that Morales did not accompany Pizarro to the station in the patrol car was uncontroverted. Thus, Morales was not involved in the assaults that Pizarro testified occurred in the car and later in the precinct's bathroom. Thus, the award of punitive damages to Pizarro should also be vacated (*see* CPLR 5501 [c]; *Cardoza v City of New York*, 139 AD3d 151, 166-167 [1st Dept 2016]).

The motion for attorneys' fees must be denied. An award of attorneys' fees is inappropriate in the absence of a valid claim for punitive damages (*Royal Globe Ins. Co. v Chock Full O'Nuts Corp.*, 86 AD2d 315, 321 [1st Dept 1982], *lv dismissed* 58 NY2d 800 [1983]). Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.