Achile v Paul (2022 NY Slip Op 50772(U))

[*1]

Achile v Paul

2022 NY Slip Op 50772(U) [76 Misc 3d 126(A)]

Decided on July 15, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 15, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, CHEREÉ A.
BUGGS, JJ

2021-51 K C

Tamara S. Achile, Appellant,
against
Valene Paul, Respondent. 

Harvey A. Herbert, for appellant.
Valene Paul, respondent pro se (no brief filed).

Appeal from a decision of the Civil Court of the City of New York, Kings County (Carolyn
Walker-Diallo, J.), entered July 19, 2019, deemed from a judgment of that court entered October
26, 2021 (see CPLR 5512 [a]). The judgment, upon the decision, after an inquest, dismissed the
complaint.

ORDERED that the judgment is affirmed, without costs.
In this action, plaintiff seeks to recover the principal sum of $25,000 for false imprisonment,
defamation, and personal injury. The evidence at an inquest established that defendant had made
allegedly defamatory statements respecting plaintiff's mental health in a petition defendant filed
in the Supreme Court, Kings County, and that, based on that petition, the Supreme Court held a
hearing and, pursuant to Mental Hygiene Law § 9.43, ordered plaintiff to be hospitalized for
evaluation. Following the inquest, the Civil Court dismissed the complaint upon a finding that
plaintiff had failed to establish by a preponderance of the evidence that she had a "substantial and
bona fide" cause of action.
Upon an inquest, a plaintiff who has failed to state a viable cause of action is not entitled to a
recovery (see Litvinskiy v May
Entertainment Group, Inc., 44 AD3d 627 [2007]; see also [*2]Interboro Ins. Co. v
Johnson, 123 AD3d 667, 668 [2014]; McGee v Dunn, 75 AD3d 624, 624-625 [2010]; Fields v
Rohinsky, 39 Misc 3d 142[A], 2013 NY Slip Op 50769[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2013]). To the extent that plaintiff sought to recover damages for false
imprisonment based on her involuntary hospitalization, since that hospitalization was the direct
result of a court order made following a hearing held pursuant to Mental Hygiene Law §
9.43, plaintiff did not have a viable cause of action for false imprisonment against defendant (see Lynskey v Bailey, M.D., 8 Misc 3d
107, 109 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). 
Plaintiff's cause of action for defamation was based solely on statements defendant made in
the petition she had filed in the Supreme Court and which were pertinent to the matter.
Consequently, the statements were absolutely privileged and could not support a cause of action
for defamation (see Platsky v Lave,
29 Misc 3d 141[A], 2010 NY Slip Op 52149[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2010]; see also Martirano v Frost, 25 NY2d 505, 507-508 [1969]; Fabrizio
v Spencer, 248 AD2d 351, 351 [1998]). To the extent that plaintiff sought to recover based
on a cause of action for "personal injury," since the only injuries plaintiff referred to derived from
her involuntary hospitalization, which was ordered by the Supreme Court pursuant to Mental
Hygiene Law § 9.43, she had no cause of action against defendant for those injuries.
Accordingly, the judgment is affirmed.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 15, 2022