■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM HENRY BURNHAM, III, and SUSAN MARGARET BROUGHTON, Respondents.— Three orders of the County Court, Rockland County, one dated February 26, 1968 and two dated March 5, 1968, affirmed. One of the orders dated March 5, 1968 granted respondent Broughton's motion to suppress the very evidence which was the subject of the possession of narcotics charges at issue (Penal Law, § 220.20). The State Investigator's affidavit upon which the search warrant was issued was based on an undisclosed informant's information. Probable cause for the issuance of the search warrant was lacking because there was no sufficient showing that the informant was credible or his information reliable (*People* v. *Montague,* 19 N Y 2d 121). Not only was there no showing that the informant had furnished information " in the past  *  *  * leading to the *arrest and conviction of others*" (emphasis added), but there was also lacking any surrounding factual detail as to the source and basis of the informant's alleged information with respect to the narcotics involved in this case (*People* v. *Montague, supra,* p. 122; see, also, *People* v. *Horowitz,* 21 N Y 2d 55). The investigator who made the affidavit in this case made no personal affirmation of the facts but relied exclusively on his unproven and undisclosed informant. Once this evidence is suppressed, there is clearly insufficient evidence to support the indictments and the People so concede; thus, the other two orders from which the People have appealed, dismissing the indictment respectively as to respondents Broughton and Burnham, must be affirmed. Christ, Brennan, Hopkins and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to reverse the orders and to deny the motions, with the following memorandum: In my opinion, the contents of the affidavit established probable cause for the search of defendant Burnham's house trailer and the subsequent discovery of almost two pounds of marijuana. The police officer's affidavit stated not only that the undisclosed informant had furnished information which led to the arrest of a named individual, but also that on other occasions the informant had supplied information relative to statutory violations. This, in my opinion, amply established that the informant was "credible" and that his information was "reliable" (*Aguilar* v. *Texas,* 378 U. S. 108, 114). Nevertheless, the majority has taken the position that, because the affidavit did not indicate that convictions flowed from this informant's previous information, it was defective. All that the cases require to establish an informant's reliability is that he has, on previous occasions, given *reliable* information (*People* v. *Montague,* 19 N Y 2d 121; *Aguilar* v. *Texas, supra*), as in the case at bar, or that, coupled with the personal knowledge of the affiant, the information is credible (*McCray* v. *Illinois,* 386 U. S. 300; *Jones* v. *United States,* 362 U. S. 257; *Draper* v. *United States,* 358 U. S. 307). *People* v. *Montague* (*supra*) does not require, as the majority apparently perceives, that an informant's previous information need have led to arrests *and* convictions. There are many reasons, extraneous to the question of reliability, why an informant's previous information, although entirely accurate, may not have led to a conviction. No trial may yet have been held for those arrested upon the informant's past information. In the area of narcotics, the perpetrator might have obtained a civil commitment and criminal charges might have been dropped. The warrant itself might have been defective. This list of variables can, of course, be extended. In short, whether or not a conviction has stemmed from information imparted by an informant is not dispositive of the informant's reliability. The majority also takes the position that the affidavit lacked " any surrounding factual detail as to the source and basis of the informant's alleged informa-

tion with respect to the narcotics involved in this case". This conclusion does not square with the complete and accurate description given of the house trailer, its location, and the contraband that was found in the trailer. Only through a hypertechnical reading of the affidavit can it be concluded that the knowledge of the informant was not the result of personal observations (cf. *United States* v. *Ventresca,* 380 U. S. 102).