Wachtler, J.
These appeals, both involving actions for false imprisonment, present questions as to the applicability of the prima facie rule and the extent of compensable damages. Since both cases have been before our court previously in the context of criminal appeals, only a cursory review of the facts is necessary. (See People v Broughton, 30 AD2d 813, affd 23 NY2d 809; People v Schanbarger, 24 NY2d 288.)
On the evening of November 14, 1967 Susan Broughton was a visitor in a mobile home leased to certain other parties. She was arrested by police officers who, while searching the trailer pursuant to a search warrant, found several pounds of marijuana secreted throughout the premises. Respondent was then *455 brought to the Stony Point Barracks where she was fingerprinted, photographed and subjected to a full body search. Thereafter she was indicted for criminal possession of a dangerous drug in the first degree (Penal Law, §220.20, as enacted by L 1965, ch 1030, and repealed by L 1973, ch 276).
Subsequently the evidence was suppressed on the ground that the search warrant affidavit was insufficient as a matter of law and in a related proceeding the indictment was dismissed. There the County Court found "not a scintilla of evidence” connecting Broughton with the criminal activity (43 AD2d 389, 390). The instant action was commenced and following a bifurcated nonjury trial, claimant was awarded damages for "lost wages, mental anguish, humiliation and anxiety” together with a sum for legal services rendered in her defense (p 391). The Appellate Division affirmed this judgment.
The second case before us involves a false arrest claim by Donald Schanbarger against the State Trooper who arrested him. As Schanbarger was walking along an East Greenbush road in the early morning hours of April 30, 1968, he was stopped by a trooper and questioned as to his identity and destination. When respondent refused to answer he was arrested for loitering (Penal Law, § 240.35, subd 6, as enacted by L 1965, ch 1030, as amd by L 1968, ch 668). He was tried before a Justice of the Peace in East Greenbush and convicted. The County Court of Rensselaer County affirmed this judgment. On appeal to our court we concluded that the testimony of the trooper was "clearly insufficient to establish any basis for a reasonable suspicion that the defendant might be engaged or was about to engage in crime” and the judgment was reversed (People v Schanbarger, 24 NY2d 288, 291; emphasis in original).
Following his exoneration Schanbarger instituted this action against the trooper alleging several causes of action including one for false arrest. After a nonjury trial in Supreme Court, Rensselaer County, judgment was granted to Schanbarger on the false arrest action "for the indignity of being arrested and imprisoned and for the humiliation he suffered as a result of the arrest.” Both parties appealed to the Appellate Division which affirmed the judgment in favor of Schanbarger (Schanbarger v Kellogg, 43 AD2d 362).
Both appellants assert the prima facie rule as grounds for reversal. In Broughton the claim is made that reasonable *456 cause to believe she had committed a crime should be presumed by virtue of her arraignment and subsequent indictment by the Grand Jury. Similarly, in Schanbarger the appellant contends that the arraignment constituted a judicial recognition of probable cause to arrest which should generate a presumption in a subsequent action for false arrest. A corollary of the prima facie rule is that the presumption is rebuttable only where the plaintiff establishes fraud, perjury or the misrepresentation or falsification of evidence. It is our view that the prima facie rule applies only in causes of action for malicious prosecution and is totally misplaced when applied in false imprisonment actions.
Our conclusion is founded on the common-law distinctions between malicious prosecution and false imprisonment. Although these are kindred actions, each protects a different personal interest and is composed of different elements. Unfortunately, in case's where both false imprisonment and malicious prosecution are alleged, the opinions fail to differentiate between these torts thereby generating confusion as to the pertinency of malice and want of probable cause. (See, e.g., Langley v City of New York, 40 AD2d 844, affd 34 NY2d 885; Schultz v Greenwood Cemetery, 190 NY 276; see, generally, Prosser, Torts [4th ed], § 11; False imprisonment; liability of private citizen for false arrest by officer, Ann., 21 ALR2d 643.) A careful analysis of the purpose and elements of the respective torts illustrates the distinct nature of each and the inapplicability of the prima facie rule in false imprisonment cases. (Compare Prosser, Torts [4th ed], False Imprisonment, § 11 with Malicious Prosecution, § 119; 2 Alexander, the Law of Arrest, False Imprisonment, ch 27 with Malicious Prosecution, ch 26.)
The action for false imprisonment is derived from the ancient common-law action of trespass and protects the personal interest of freedom from restraint of movement. Whenever a person unlawfully obstructs or deprives another of his freedom to choose, his own location, that person will be liable for that interference (Restatement, 2d, Torts, § 35, comment h). To establish this cause of action the plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged (Restatement, 2d, Torts, § 35; but see Prosser, Torts [4th ed], § 11, which rejects the requirement *457 that the plaintiff -must be conscious of the confinement). The great weight of authority, including New York, recognizes the rule that neither actual malice nor want of probable cause is an essential element of an action for false imprisonment (Marks v Townsend, 97 NY 590; Malice and want of probable cause as element or factor of action for false imprisonment, Ann., 19 A L R 671; Ann., 137 A L R 504; 32 Am Jur, False Imprisonment, §27). This is in direct contrast with the elements comprising a malicious prosecution action.
The tort of malicious prosecution protects the personal interest of freedom from unjustifiable litigation (Prosser, Torts [4th ed], § 119; False imprisonment; liability of private citizen for false arrest by officer, Ann., 21 ALR2d 643). The essence of malicious prosecution is the perversion of proper legal procedures. Thus, it has been held that some sort of prior judicial proceeding is the sine qua non of a cause of action in malicious prosecution (Al Raschid v News Syndicate Co., 265 NY 1). Such a judicial proceeding may be either an evaluation by a Magistrate of an affidavit supporting an arrest warrant application, or an arraignment or an indictment by a Grand Jury. The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice (Prosser, Torts [4th ed], § 119). Where the plaintiff institutes a malicious prosecution action he must plead the lack of probable cause (Malicious Prosecution — Probable Cause, Ann., 14 ALR2d 264). A contrary rule would be against public policy as tending to discourage prosecutions for crime or the vindication of civil rights. Despite the clear and fundamental differences between malicious prosecution and false imprisonment, the concepts are easily intermingled in the arrest situation.
The distinction between false imprisonment and malicious prosecution in the area of arrest depends on whether or not the arrest was made pursuant to a warrant. As noted in the Restatement, 2d, an unlawful detention gives rise to a cause of action for false imprisonment "except where the confinement was by arrest under a valid process issued by a court having jurisdiction” (Restatement, 2d, Torts, § 35, comment a; Prosser, Torts [4th ed], § 11). When an unlawful arrest has been effected by a warrant an appropriate form of action is mali *458 cious prosecution. This distinction is critical not only because it affects the allegations and proof but also because it brings the prima facie rule into operation.
Essentially this rule recognizes the prima facie validity of actions where there has been a judicial evaluation. Accordingly, the Magistrate’s consideration of the arrest warrant application will generate a presumption that the arrest was issued on probable cause. However, this reasoning is not applicable where the arrest is made without a warrant.
Whenever there has been an arrest and imprisonment without a warrant, the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful (Smith v County of Nassau, 34 NY2d 18, 23; Woodson v New York City Housing Auth., 10 NY2d 30, 33; Cicurel v Mollet, 1 AD2d 239, 241, affd 1 NY2d 797; Bonnau v State of New York, 278 App Div 181, 182, affd 303 NY 721; Clark v Nannery, 292 NY 105, 108; Schultz v Greenwood Cemetery, 190 NY 276, 279, supra). The cases uniformly hold that where the arrest or imprisonment is extrajudicial, that is, without legal process or color of legal authority, it is not necessary to allege want of probable cause in a false imprisonment action (Brown v Chadsey, 39 Barb 253; Malicious Prosecution — Probable Cause, Ann., 14 ALR2d 264). Indeed, the burden is on the defendant to prove the opposite (Snead v Bonnoil, 166 NY 325).
As a matter of pleading the defendant has the burden of proving legal justification as an affirmative defense and the defendant will be precluded from introducing such evidence under a general denial (Woodson v New York City Housing Auth., 10 NY2d 30, supra; Peterson v New York Cons. R. R. Co., 230 NY 566). Justification may be established by showing that the arrest was based on probable cause. After the fact judicial participation cannot validate an unlawful arrest; only probable cause existing at the time of arrest will validate the arrest and relieve the defendant of liability. We would note however that evidence of a subsequent arraignment or indictment is admissible as some proof of the presence of probable cause. Moreover, a conviction which survives appeal would be conclusive evidence of probable cause. On the other hand, evidence of a subsequent dismissal, acquittal or reversal on appeal would also be admissible to refute the affirmative defense of justification.
It should also be noted that the defendant’s motives are *459 immaterial to the question of liability. A valid arrest will not be rendered unlawful by malicious motives (Sleight v Ogle, 4 ED Smith 445) nor will good faith rectify an otherwise unlawful arrest (Smith v County of Nassau, 34 NY2d 18, supra). Significantly, however, proof of good faith is relevant to the mitigation of damages and where established may result in nominal damages only (Gill v Montgomery Ward & Co., 284 App Div 36).
Applying these principles to the instant cases we find no reason to disturb the holdings below as to liability. In both cases the presumptive unlawfulness of the warrantless arrests coupled with the plaintiffs evidence of intentional, unprivileged, nonconsensual confinement by the defendants were sufficient to establish the tort of false imprisonment. Nor did the proof offered by the defendants establish justification as an affirmative defense. Having disposed of the liability aspect we need only consider the question of damages.
The appellant in Broughton argues that the respondent should not have been awarded the amount expended for legal services because they were too remote. The State reasons that damages for false arrest should be limited to the period before arraignment since after arraignment the accused is no longer held as a result of the arrest but as a result of the intervening act of the arraigning Magistrate (see Casler v State of New York, 33 AD2d 305; Gearitz v Strasbourger, 133 App Div 701). This position was adopted by our court in Worden v Davis (195 NY 391).
Where a plaintiff successfully establishes liability for false imprisonment his damages will be measured only to the time of arraignment or indictment whichever occurs first. Those damages will not include attorney’s fees expended in the subsequent defense of the criminal prosecution (cf. Worden v Davis, supra, p 395). Such damages are properly attributable to the tort of malicious prosecution. The reason for this rule is that an action for false imprisonment redresses the violation of plaintiffs freedom of movement and not freedom from unjustifiable litigation, therefore attorney’s fees are not proximate after arraignment or indictment and hence not recoverable. Where malicious prosecution has not been alleged or established the plaintiff will be limited to those legal fees incurred up to and including the evaluation by a neutral body that the charges are warranted. Consequently in Broughton the matter will have to be remitted to the trial court in order *460 to ascertain the damages limited as they must be to the time she was falsely imprisoned and not extending beyond the time of arraignment.
Applying the reasoning of Worden (supra), to the second appeal we find no error. Having represented himself, Schanbarger did not recover any legal fees. There the trial court awarded damages for mental anguish and humiliation stemming from the arrest. This was proper in that it only recompensed him for those damages proximately related to the tort and did not extend beyond the arraignment. The Appellate Division affirmed this award and we do not consider the same excessive as a matter of law.
Accordingly, the order of the Appellate Division in Broughton should be modified by remitting the case to the Court of Claims for a determination of the amount of damages in accordance with this opinion and, as so modified, affirmed. The order of the Appellate Division in Schanbarger should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Fuchsberg concur; Judge Cooke taking no part.
In Broughton v State of New York: Order modified, without costs, and case remitted to the Court of Claims for further proceedings in accordance with the opinion herein and, as so modified, affirmed.
In Schanbarger v Kellogg: On plaintiff’s appeal: Appeal dismissed, without costs, upon the ground that no substantial constitutional question is directly involved.
On defendant’s appeal: Order affirmed, without costs.