■ CARMINE V. BUONOCORE, Appellant, v ALFRED S. JULIEN et al., Respondents.—Order, Supreme Court, New York County, entered on or about May 19, 1975, granting defendants-respondents' motion for summary judgment dismissing the complaint and denying plaintiff-appellant's cross motion for summary judgment, unanimously affirmed, without costs and without disbursements. The suit against defendants-respondents was based on a claim that defendants were retained by plaintiff-appellant as attorneys to prosecute a claim against the State of New York "and wholly neglected and failed to include in the Notice of Intention and Notice of Claim all available causes of action and to sue all available defendants," as a result of which "negligence of the said defendants * * * judgment was entered in the Court of Claims dismissing the plaintiff's only cause as a matter of law." The alleged unsued "available defendant" was the attorney who had represented plaintiff at his trial for murder, interrupted by his plea of guilty and sentence in 1952. No particularization of alleged malpractice by him ever came to the attention of the Special Term, plaintiff being content merely to claim unpreparedness for the trial, and carelessness in defense of plaintiff. In any event, those services having to do with the trial were completed in 1952; respondents were retained in 1964, and the three-year period of limitation applicable to that claim had long since run. Having been sentenced in 1952, plaintiff became the subject in 1955 of examination by a prison psychiatrist. The report characterized his condition as unstable and concluded that he suffered from paranoia. A certificate of insanity was procured, and he was transferred to Dannemora State Hospital. Upon expiration of his criminal sentence, application was made under then section 384 of the Correction Law for his retention. He was re-examined by two psychiatrists, and court hearings were held in Clinton County Surrogate Court whereat he was represented by the same attorney who had appeared at the plea of guilty. (No specification of malpractice is made concerning this legal service.) The finding was the same as before, and he was retained at Dannemora. He was finally released in 1964 on writ of habeas corpus. He thereafter retained defendants to sue the State because of his detention after expiration of his sentence. The notice of intent to file a claim filed in plaintiff's behalf speaks in generalities only, and is addressed solely to the time after expiration of his original sentence, with good behavior time credited. No specifications of impropriety are found therein, only conclusory averments. The same is true of the notice of claim itself. The claim sounds in false imprisonment and that claim was rejected by the Court of Claims; no irregularity whatever was made out. Much is made of an alleged defect on the face of an order of commitment; none is found. There was judicial review at the proper stage of postsentence proceedings and no irregularity is evident there. (Cf. *Broughton v State of New York,* 37 NY2d 451 on the weight of judicial review in cases of false imprisonment.) The Court of Claims then examined the theory of negligence and concluded there had been no showing thereof. Indeed plaintiff-appellant is self-contradictory on this score, claiming at one and the same time complete sanity and a failure to treat properly for a condition of insanity. Respondents, in stating plaintiff's claim were bound by the facts and could not fashion a claim where no basis therefor existed. There is no showing of malpractice. Plaintiff not having made out his complaint for malpractice, Special Term properly granted the motion for summary judgment dismissing the complaint. Concur—Markewich, J. P., Kupferman, Murphy and Lupiano, JJ.