■ DOUGLAS E. LEE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 70470.)—Casey, J.

Claimant, a former command pilot for the Central Intelligence Agency (CIA), was sentenced in 1975 to a term of imprisonment of 25 years to life for the stabbing death of his wife. On September 29, 1984, while claimant was an inmate at Great Meadow Correctional Facility in Washington County, a misbehavior report was filed against him by Correction Officer Robert Juckett charging claimant with a violation of prison rule 107.20, which prohibits inmates from making or using false statements and information, and of prison rule 111.10, which prohibits inmates from impersonating any person. It was alleged that in correspondence postmarked August 20, 1984 and addressed to the Administrator of the Champlain Valley Physicians Hospital in Clinton County, claimant used the letters M.D. after his name. The misbehavior report was served on claimant on September 22, 1984 and he was placed in keeplock until a Superintendent's hearing was held some four days later. As a result of the hearing claimant was found guilty of the violations as charged and received a penalty of 30 days in keeplock, which was suspended for 90 days, and loss of commissary, packages and telephone privileges for 60 days. However, the disposition was later reversed by the Department of Correctional Services Review Board for procedural error.

Claimant commenced the instant action, alleging that the four days he spent in keeplock as the result of the filing of the misbehavior report constituted false imprisonment. After filing an answer alleging justification, the State moved, *inter alia,* for summary judgment dismissing the claim on the ground that claimant's confinement was privileged and, accordingly could not serve as the basis for his false imprisonment claim. The motion was granted by the Court of Claims and claimant has appealed here principally on this issue.

One of the elements of a cause of action for false imprisonment that claimant is required to prove is that the confinement was not otherwise privileged *(Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). Claimant maintains that he is a medical doctor and that if Juckett had reviewed his record it would have so revealed. Accordingly, claimant contends that Juckett had no reasonable grounds to believe that claimant posed an immediate threat to the safety, security or order of the prison, and, therefore, was not privileged in placing claimant in keeplock. The State, on the other hand, argues that claimant

was placed in keeplock in accordance with 7 NYCRR part 251 and his confinement was, therefore, privileged. Correction Law § 137 (2) empowers the Commissioner of Correctional Services to "provide for such measures as he may deem necessary or appropriate for the safety, security and control of correctional facilties and the maintainenance of order therein". Pursuant thereto, 7 NYCRR 251-1.6 (a) was promulgated, which allows a correction officer to confine an inmate to his cell when the officer has reasonable grounds to believe that the inmate is an immediate threat to the safety, security or order of the prison *(Matter of Bowe v Smith,* 119 Misc 2d 453).

Claimant's confinement here was privileged since it was in accordance with 7 NYCRR part 251. The Hearing Officer found claimant guilty of violating the prison rules as charged and found that said violations constituted serious misbehavior, posing an intolerable threat to the security of the prison facility. This finding ratified claimant's prehearing confinement and meets the State's burden of establishing that claimant's confinement was privileged *(see, Broughton v State of New York, supra).*

Claimant has failed to set forth facts in support of his claim that his confinement was not privileged. Claimant does not contend that the misbehavior report was invalid on its face. Furthermore, his inmate card belies his contention that he is a medical doctor. Rather, the card shows that he was charged with a similar offense on July 15, 1982 and had been ordered to use no title other than his name and prison number in the future. Claimant's further contention that Juckett bore him ill will is immaterial, for a valid privileged confinement "will not be rendered unlawful by malicious motives" *(Broughton v State of New York, supra,* p 459). Based on the foregoing, the granting of the State's motion for summary judgment dismissing the claim was proper. The order appealed from should be affirmed.

Order affirmed, without costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.