Barry Lee VALLEN, Plaintiff–
Appellant,

v.

Madelyn CONNELLY, Richard Morales
and Lawrence Smith, Defendants–
Appellees.

Docket No. 99–0326.

United States Court of Appeals,
Second Circuit.

June 11, 2002.

Arthur S. Linker, Rosenman & Colin, N.Y., NY, for Appellant.

Present KEARSE, McLAUGHLIN, Circuit Judges, and DANIELS, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel for plaintiff.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is vacated in part, and the matter is remanded for further proceedings.

Plaintiff Barry Lee Vallen appeals from a judgment of the United States District Court for the Southern District of New York, Thomas P. Griesa, then-*Chief Judge,* dismissing his complaint brought under 42 U.S.C. § 1983, alleging that defendants made false statements that caused him to be arrested unlawfully and reconfined in a mental institution. Vallen filed his complaint in the district court *pro se* and requested permission to proceed *in forma pauperis.* The district court, proceeding under 28 U.S.C. § 1915(e) prior to any service of process on or appearance by the named defendants, dismissed the case *sua sponte* on the ground that the complaint failed to state a claim on which relief may be granted, stating as follows:

There is no claim under 42 U.S.C. § 1983 for false arrest, false imprisonment or malicious prosecution if plaintiff was convicted of the offense for which he was arrested. *Heck v. Humphrey,* 512 U.S. 477, 489, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) . . .; *Cameron v. Fogarty,* 806 F.2d 380, 386–88 (2d Cir. 1986). . . .

In other words, a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Because plaintiff fails to allege that the charges for which he was arrested were terminated in his favor, *see* Complaint at ¶ IV, the complaint must be dismissed.

Order of Dismissal dated September 23, 1999, at 1–2. On appeal, Vallen, for whom this Court appointed counsel, does not challenge so much of the judgment as dismissed his claims for false imprisonment or malicious prosecution; but he contends that the district court erred in applying *Heck v. Humphrey* to his claim for false arrest and in dismissing that claim.

---

* Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

We agree that *Heck v. Humphrey* was not necessarily applicable here insofar as Vallen asserted a § 1983 claim of false arrest, for in *Heck* the Supreme Court was concerned not with a false-arrest type of claim but rather with a claim "close[ly] analog[ous]" to the "common-law cause of action for malicious prosecution," 512 U.S. at 484, 114 S.Ct. 2364, a type of claim in which favorable termination of the proceedings is an element, *see, e.g., Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir.1997), *cert. denied*, 522 U.S. 1115, 118 S.Ct. 1051, 140 L.Ed.2d 114 (1998); *Broughton v. State*, 37 N.Y.2d 451, 457, 373 N.Y.S.2d 87, 94, 335 N.E.2d 310, *cert. denied*, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975). In the context of the malicious-prosecution type of claim, the *Heck* Court ruled that a prisoner's § 1983 claim could not be pursued unless his conviction were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87, 114 S.Ct. 2364. The Court noted a distinction between claims of malicious prosecution and claims of false arrest. *See id.* at 484, 114 S.Ct. 2364 ("The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process. If there is a false-arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." (internal quotation marks omitted)).

Under New York law, which provides the frame of reference for the present § 1983 action, *see, e.g., Singer v. Fulton County Sheriff*, 63 F.3d 110, 114, 118 (2d Cir.1995), *cert. denied*, 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996), the elements of a claim for false arrest differ from those of a claim for malicious prosecution, and it is not clear to us that Vallen can prove no set of facts, relating to his claim of false arrest, on which relief may be granted. To be sure, if a person were validly convicted of the crime for which he was arrested, he would be barred from bringing a claim for false arrest because one element of such a claim is the absence of probable cause, *see, e.g., id.* at 118–19; *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994), and a valid conviction establishes the existence of probable cause, *see, e.g., Cameron v. Fogarty*, 806 F.2d 380, 388 (2d Cir.1986), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987); *Broughton v. State*, 37 N.Y.2d at 458, 373 N.Y.S.2d at 95, 335 N.E.2d 310. However, under New York law, the termination of the proceedings in favor of the accused is not an element of a claim for false arrest. *See, e.g., Singer v. Fulton County Sheriff*, 63 F.3d at 118; *Broughton v. State*, 37 N.Y.2d at 456, 373 N.Y.S.2d at 93, 335 N.E.2d 310. Thus, an arrest that did not result in either a conviction or an acquittal might be the basis for a claim of false arrest while not satisfying the favorable termination element of a claim for malicious prosecution.

These state-law principles were enunciated in the context of false-arrest claims arising out of arrests on criminal charges, and it is not clear to what extent New York would apply them to a claim of false arrest for the purpose of confining the arrestee in a mental institution. In *Warner v. State*, 297 N.Y. 395, 79 N.E.2d 459 (1948), which dealt with an involuntary commitment to such an institution, the New York Court of Appeals stated as follows:

Where personal freedom is at stake, insistence upon strict and literal compliance with statutory provisions is not

only reasonable but essential. The State has a legitimate and vital interest in protecting its citizens from harm at the hands of potentially dangerous mental cases, but that is not the only interest to be served. The liberty of an individual, not yet adjudged insane, is too precious to allow it to be invaded in any fashion, by any procedure, other than that explicitly prescribed by law. *Warner v. State*, 297 N.Y. at 404, 79 N.E.2d 459.

We express no view as to the relationship between the New York requirement of "strict and literal compliance with statutory provisions," in the context of arrest in furtherance of involuntary commitment, and the principle, in the context of an arrest on criminal charges, that an eventual conviction forecloses a false-arrest claim because the conviction creates the irrebuttable presumption that probable cause existed for the arrest. Nor do we express any view as to the merits of Vallen's claim that he was arrested on the basis of false allegations. In light of the procedural posture of this case, in which there has been no appearance or participation by the defendants because of the early dismissal of the case *sua sponte*, we leave it to the district court in the first instance to address these matters, along with such others as may be appropriate, following service of the complaint on the defendants and presentations from both sides. The district court should consider appointing, or continuing the appointment of, counsel to represent Vallen in the further proceedings.

For the foregoing reasons, the judgment of the district court is vacated to the extent that it dismissed Vallen's claim for false arrest, and the matter is remanded for further proceedings in connection with that claim.