**Daniel MARON, Plaintiff–Appellant,**

v.

**COUNTY OF ALBANY, Albany County Sheriff's Department, Reginald Saunders, Craig Apple, William Riley, Craig Zuriello, and John Mahan, Defendants–Appellees.**

No. 05–3354.

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

David Brickman, of Albany, NY, for Appellant.

Michael Lynch, Albany County Attorney, and Robert P. Roche, of Roche, Corrigan, McCoy & Bush, Albany, NY, for Appellees.

Present: ROSEMARY S. POOLER, BARRINGTON D. PARKER, Circuit Judges, and DENNY CHIN,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Daniel Maron ("appellant" or "Maron") filed a complaint on

---

* The Honorable Denny Chin of the United States District Court for the Southern District of New York sitting by designation.

March 14, 2001, alleging deprivations of his constitutional rights, under 42 U.S.C. § 1983. On March 16, 2004, the United States District Court for the Northern District of New York (Randolph F. Treece, *Magistrate Judge* ) granted, in part, and denied, in part, defendants-appellees' ("defendants") motion for summary judgment. The remaining claims were tried before a jury in the same district court, and on April 14, 2005, the jury returned a verdict in favor of defendants. A judgment was entered by the district court on April 14, 2005. Maron appeals from the district court's March 16, 2004, Order granting partial summary judgment to defendants, and the August 12, 2004, Order denying appellant's motion to reargue. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

This Court reviews *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party. *Giordano v. City of New York,* 274 F.3d 740, 746 (2d Cir.2001). Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

This Court explained in *Singer v. Fulton County Sheriff,* 63 F.3d 110 (2d Cir.1995), that under New York law, the elements of a false arrest claim are: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. *Id.* at 118. The elements of a claim of false arrest under § 1983 "are substantially the same as the elements of a false arrest claim under New York law." *Id.* at 118 (internal quotations and citations omitted). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996) (quoting *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994)). This is true "whether that action is brought under state law or under § 1983." *Weyant,* 101 F.3d at 852 (citing *Broughton v. State,* 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975) (under New York law, "[j]ustification may be established by showing that the arrest was based on probable cause"); and *Singer,* 63 F.3d at 118 ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause")).

To state a cause of action for malicious prosecution under Section 1983, appellant must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Jocks v. Tavernier,* 316 F.3d 128, 136 (2d Cir.2003) (internal quotation marks omitted). There must also be a post-arraignment seizure for a Section 1983 malicious prosecution claim, but the requirements of attending criminal proceedings and obeying the conditions of bail suffice on that score. *Id.* The existence of probable cause is an absolute defense to a cause of action for malicious prosecution. *See Raymond v. Bunch,* 136 F.Supp.2d 71, 80 (N.D.N.Y.2001).

Here, even assuming plaintiff could have demonstrated the elements of false arrest and malicious prosecution, summary judgment was appropriate because a reasonable jury could only find the existence of probable cause. This Court explained in *Weyant v. Okst,*

[i]n general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information

of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.... The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers ... or may require a trial if the facts are in dispute.

*Id.* at 852 (internal citations omitted). When determining whether probable cause exists, courts "must consider those facts available to the officer at the time of the arrest and immediately before it." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir.1996). A district court must look to the "totality of the circumstances" in deciding whether probable cause exists to effect an arrest. *Illinois v. Gates*, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). This Court explained in *Singer*, "[a]n arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." 63 F.3d at 119. This Court has "found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir.2001).

Examining the totality of the circumstances, including the video and still photographs, we find that probable cause existed at the time of the arrest and immediately before it. Because a person of reasonable caution would believe that criminal activity was afoot, and the existence of probable cause is an absolute defense to causes of action for false arrest and malicious prosecution, we affirm.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.