**Howard SHORETTE, Plaintiff–Appellant,**

**v.**

**Scott HARRINGTON, Defendant–Appellee.**

No. 05–6892–cv.

United States Court of Appeals, Second Circuit.

May 9, 2007.

4

George S. Mehallow, Syracuse, NY, for Appellant.

Denise A. Hartman, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, on the brief, Andrea Oser, Assistant Solicitor General, of counsel), Albany, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

The plaintiff-appellant Howard Shorette appeals from the district court's grant of summary judgment to the defendant-appellee Scott Harrington and its denial of Shorette's subsequent motion to amend the judgment. We assume the familiarity of the parties and counsel with the facts, the procedural history, and the scope of the issues presented on appeal.

Shorette argues that because the Town Court vacated all of his traffic convictions on remand from the County Court, Harrington did not have probable cause to arrest him. But the original Town Court conviction on two counts and the County Court's subsequent affirmance on one of those counts raised a presumption, unrebutted on the record before us, that Harrington had probable cause to arrest Shorette. *See Broughton v. State*, 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975). Moreover, assuming *arguendo* that Shorette's convictions were properly vacated and that the presumption of probable cause that would otherwise attach to them was thereby eliminated, Harrington saw Shorette driving erratically in and out of the roadway. This constituted "knowledge ... of facts and circumstances that

are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996).

■ Shorette also contends that the district court should have granted his motion to amend the judgment so that he could file a response to Harrington's motion for summary judgment notwithstanding his failure to meet the filing deadline or request an extension within the prescribed time. But the law office calendaring error Shorette blames for his failure to follow the local rules does not constitute "excusable neglect." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir.2003); *see In re Johns–Manville Corp.*, 476 F.3d 118, 124 (2d Cir.2007).

Finally, Harrington points to an alleged defect in Shorette's notice of appeal that, in his view, prevents us from reaching the merits of Shorette's arguments concerning his motion to amend the judgment. Shorette's notice referred to the "judgment s [sic] entered ... on the 16th day of November, 2005 and thereafter." Construed liberally, *see State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 412–13 (2d Cir.1990), this indicates Shorette's intent to appeal not only from the grant of summary judgment on November 16, but also from the subsequent denial of his motion to amend.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.