Robert W. BUTLER and Jannie Butler, Plaintiffs–Appellants,

v.

The COUNTY OF SUFFOLK, Suffolk County Police Department, Christopher Costa

and

Thomas Simonetti, Defendants–Appellees.

No. 06–3354–cv.

United States Court of Appeals, Second Circuit.

Nov. 27, 2007.

Joseph C. Stroble, Law Offices of Joseph C. Stroble, Sayville, N.Y., for Appellants.

Christopher A. Jeffreys, Assistant County Attorney, for Christine Malafi, Suffolk County Attorney, Hauppauge, N.Y., for Appellees.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. JOHN F. KEENAN,* District Judge.

## SUMMARY ORDER

Plaintiffs–Appellants Robert and Jannie Butler appeal from the judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*), disposing of their suit against Defendants–Appellees the County of Suffolk, Suffolk County Police Department, Christopher Costa, and Thomas Simonetti. The district court granted judgment as a matter of law under Rule 50(a) to defendants on plaintiffs' false arrest and loss of society claims. And when the jury returned a verdict in favor of defendants on the plaintiff's excessive force claim, Judge Wexler denied the Butlers' motion for a new trial.

On appeal, the Butlers claim, first, that the district court erred in refusing to allow the false arrest claim to go to the jury. We disagree. We review *de novo* the district court's grant of judgment as a matter of law, *Peters v. Baldwin Union*

---

*Free Sch. Dist.*, 320 F.3d 164, 167 (2d Cir.2003), which is appropriate only where the evidence is insufficient for a reasonable jury to find in the non-moving party's favor, after that party has been fully heard. Fed.R.Civ.P. 50(a). Here, the district court was correct to find, pursuant to "long-established common-law principles," that Butler's subsequent conviction for possession of drugs found in the course of the arrest barred his false arrest claim. *Cameron v. Fogarty*, 806 F.2d 380, 386 (2d Cir.1986) (federal law); *see also Broughton v. State*, 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975) (New York law).

 The Butlers also contend that the trial judge erred when he said, during the course of witness testimony, that defendant "was not within his rights to run." In context, however, it is apparent that the judge's statement contained no error. The witness, Officer Simonetti, had just testified that he and his colleague had stopped Robert Butler for driving without a seatbelt. Butler's attorney then asked whether Butler was within his rights to run; Simonetti replied that he was not, and Judge Wexler assented. Since New York law provides for summary arrest in the circumstances described by the witness, Judge Wexler's statement was accurate. N.Y. State Veh. & Traf., § 155; N.Y.Crim. Proc. § 140.10(1)(a). There was no reason for a new trial, and so the district court did not abuse its discretion in denying the Butlers' Rule 59 motion.

We have considered all of Plaintiffs'–Appellants arguments and have found them to be without merit. The judgment of the district court is AFFIRMED.