Sanchez v City of New York (2019 NY Slip Op 00538)





Sanchez v City of New York


2019 NY Slip Op 00538


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


8205 303776/14

[*1]Ariel Sanchez, et al., Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents.


Sim & Record, LLP, Bayside (Sang J. Sim of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about September 21, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment, and denied plaintiffs' cross motion for leave to amend the complaint, unanimously affirmed, without costs.
The court correctly dismissed plaintiffs' claims for false arrest and false imprisonment, given defendants' prima facie showing that the officers lawfully stopped the vehicle due to a problem with a taillight (see People v Diaz, 232 AD2d 289, 289 [1st Dept 1996], lv denied sub nom. People v Martinez, 89 NY2d 944 [1997]), and that they obtained probable cause to search the car upon detection of a strong odor of pine or ammonia indicative of street level phencyclidine (PCP) (see People v Darby, 263 AD2d 112, 113-114 [1st Dept 2000], lv denied 95 NY2d 795 [2000]; People v Smith, 66 AD3d 514 [1st Dept 2009], lv denied 13 NY3d 942 [2010]). Plaintiffs' conclusory submissions in opposition to defendants' motion failed to raise a triable issue of fact.
The existence of probable cause for the arrest also defeats plaintiffs' claim for malicious prosecution (see Broughton v State of New York, 37 NY2d 451, 458 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]), and the individual officers are also entitled to qualified immunity because the evidence supports the objective reasonableness of the instant stop, search, and arrest (see Delgado v City of New York, 86 AD3d 502, 510 [1st Dept 2011]).
We have considered plaintiffs' remaining claims and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK