18-3836-cv
McClean v. City of Mount Vernon et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand nineteen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

RAHSI MCCLEAN,

*Plaintiff-Appellant*,

v.                                                                    No. 18-3836-cv

THE CITY OF MOUNT VERNON, FORMER DETECTIVE DANIEL IBANEZ, IN THEIR INDIVIDUAL CAPACITY, DETECTIVE BRENT GAMBLE, IN THEIR INDIVIDUAL CAPACITY, DETECTIVE DAVID CLARKE, IN THEIR INDIVIDUAL CAPACITY, FORMER LIEUTENANT VINCENT MANZIONE, IN THEIR INDIVIDUAL CAPACITY, SERGEANT GREGORY ADDISON, IN THEIR INDIVIDUAL

CAPACITY,

                              *Defendants-Appellees.*[*]

---------------------------------------------------------------------

FOR APPELLANT:                    STEPHEN BERGSTEIN, Bergstein
                                  & Ullrich, LLP, New Paltz, NY.

FOR APPELLEES:                    STEVEN J. BUSHNELL (Andrew
                                  C. Quinn, *on the brief*), The
                                  Quinn Law Firm, P.L.L.C.,
                                  White Plains, NY.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Cathy Seibel, *Judge*) entered on December 3, 2018.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Rahsi McClean appeals from a judgment of the District Court (Seibel, J.)

dismissing his claim under 42 U.S.C. § 1983 for false arrest in connection with a

fatal shooting for which he was tried and acquitted.   The District Court granted

dismissal upon determining that the arresting officers had probable cause to

arrest McClean.   See Jaegly v. Couch, 439 F.3d 149, 151–52 (2d Cir. 2006).   We

---

[*] The Clerk of Court is directed to amend the official caption to conform with the above.

2

review the challenged dismissal de novo.   See Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014).   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"It is well-established that a law enforcement official has probable cause to arrest if he received his information from . . . [an] eyewitness . . . unless the circumstances raise doubt as to the person's veracity."   Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (quotation marks omitted).   Here an eyewitness to the shooting told police that McClean was the shooter.   Her testimony was corroborated by information provided by one of the victims.   McClean notes that the eyewitness had certain outstanding warrants against her when she spoke to the defendant police officers and that she initially denied seeing the shooter, a denial she subsequently attributed to fear.   McClean also points out that the victim's corroboration was only circumstantial; he did not actually see who shot him.   But none of this gave the officers any material reason to doubt the veracity of the eyewitness's identification of McClean as the shooter or the victim's corroboration of the eyewitness account prior to arrest.   See Fabrikant v. French,

3

691 F.3d 193, 216 (2d Cir. 2012); <u>Caldarola v. Calabrese</u>, 298 F.3d 156, 165 (2d Cir. 2002). Because the officers had probable cause to arrest McClean in connection with the shooting, the District Court did not err in dismissing his false arrest claim against them.[1] <u>Jaegly v. Couch</u>, at 151–52.

McClean's claim against the City of Mount Vernon derived entirely from the individual defendants' conduct, so the District Court's dismissal of that claim was also proper.

We have considered McClean's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] McClean does not challenge the District Court's dismissal of his malicious prosecution claim. Because he was arrested pursuant to a warrant following indictment by a grand jury, malicious prosecution, rather than false arrest, would be the appropriate cause of action, in which a presumption of probable cause would arise from indictment. <u>See</u> <u>Broughton v. State</u>, 37 N.Y.2d 451, 456 -58 (1975); <u>Dufort v. City of New York</u>, 874 F.3d 338, 352 (2d Cir. 2017).

4