Harrison v. Cty. of Nassau

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty.

PRESENT:
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
WILLIAM J. NARDINI,
*Circuit Judges.*

———————————————————————

**Malek Harrison,**

*Plaintiff-Appellant*,

v.                                                                                         18-3349

**County of Nassau, Nassau County Police Department, Nassau County District Attorney's Office, Ronald Rispoli, Nassau County Detective, Jhounelle Cunningham, Assistant District Attorney, Carolyn Abdenour, Assistant District Attorney**

*Defendants-Appellees*.

———————————————————————

FOR PLAINTIFF-APPELLANT:          Malek Harrison, *pro se*, Rosedale, NY.

FOR DEFENDANTS-APPELLEES:          Robert F. Van der Waag, Jackie L. Gross, Deputy County Attorneys, *for* Jared Kasschau, Nassau County Attorney, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*; Tomlinson, *Mag. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Malek Harrison ("Harrison"), *pro se*, sued Defendants-Appellees the County of Nassau; the Nassau County Police Department; the Nassau County Office of the District Attorney ("DA's Office"); Nassau County detective Ronald Rispoli; and Nassau County Assistant District Attorneys ("ADAs") Jhounelle Cunningham and Carolyn Abdenour (collectively, the "Defendants"), alleging that they violated his rights under the Fourth, Fifth, and Fourteenth Amendments when they arrested and prosecuted him for using counterfeit currency at a Target store in 2012. He raised claims under 42 U.S.C. §§ 1983 and 1985 for: (1) false arrest; (2) malicious prosecution; (3) police misconduct; (4) prosecutorial misconduct; (5) abuse of power; and (6) conspiracy to deny him his constitutional rights to due process and a fair trial. The district court (Bianco, *J.*) granted in part and denied in part the Defendants' motion for partial judgment on the pleadings, allowing the false arrest, malicious prosecution, police misconduct, and prosecutorial misconduct claims to proceed against Nassau County and the false arrest, malicious prosecution, and police misconduct claims to proceed against Rispoli. Thereafter, a magistrate judge (Tomlinson, *Mag. J.*) recommended that the district court deny Harrison's motion for summary judgment and grant the Defendants' cross-motion. Harrison did not timely file objections. On September 24, 2018, the district court adopted the magistrate judge's recommendation in its entirety and entered judgment in favor of the Defendants on September 25. Shortly thereafter, the district court received Harrison's objections, dated September 20, 2018. In October 2018, the district court issued another order addressing Harrison's objections; explaining that it considered the objections as filed on September 20, 2018; and confirming its adherence to

its September 24 ruling. On October 31, 2018, Harrison appealed. In his brief, Harrison challenges only the dismissal of his false arrest and malicious prosecution claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

\* \* \*

At the start, Harrison's notice of appeal was filed on October 31, more than 30 days after judgment was entered on September 25, 2018. *See* Fed. R. App. P. 4(a)(1)(A) (30-day deadline); 28 U.S.C. § 2107 (30-day deadline). The timely filing of a notice of appeal is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). As a result, we do not have jurisdiction to review the September 2018 order underlying the judgment. We do, however, have jurisdiction over the district court's October 2018 order because the notice of appeal was filed within 30 days of entry of that order. The October 2018 order addressed the merits of Harrison's objections to the dismissal of his false arrest and malicious prosecution claims. Thus, despite the fact that the notice of appeal was not timely filed from the judgment, we still undertake a merits review of his argument on appeal that the district court erred in granting summary judgment as to his false arrest and malicious prosecution claims. We review grants of summary judgment *de novo*, *Sotomayor v. City of New York,* 713 F.3d 163, 164 (2d Cir. 2013), determining whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law, *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).

First, the district court properly dismissed Harrison's false arrest claim. The elements necessary to prove false arrest under § 1983 are "substantially the same" as the elements for false arrest under New York law. *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (internal quotation marks omitted). And probable cause to arrest is a complete defense to such a claim brought under either § 1983 or New York law. *Id.* "Probable cause is established when

3

the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) (internal quotation marks omitted). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Bakhtiari*, 913 F.2d 1053, 1062 (2d Cir. 1990) (quoting *Illinois v. Gates*, 462 U.S. 213, 244 n. 13 (1983)). A court "must consider [only] those facts available to the officer at the time of the arrest and immediately before it." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and emphasis omitted). "'[A]bsent circumstances that raise doubts as to the victim's veracity,' a victim's identification is typically sufficient to provide probable cause." *Stansbury v. Wertman*, 721 F.3d 84, 90–91 (2d Cir. 2013) (quoting *Singer*, 63 F.3d at 119 (holding that a store clerk's description of an incident of shoplifting supported a finding of probable cause)).

Here, the Defendants had probable cause to arrest Harrison, which defeats his false arrest claim. On June 1, 2012, Target protection specialist Ntozake Morgan viewed a photo array compiled by Rispoli. Morgan informed Rispoli that she recognized the person in photo 6 as the person who "came into Target . . . and purchased items from the electronic department and paid for them with counterfeit $100 bills." The person depicted in photo 6 was Harrison. Harrison has raised no material issue of fact as to this sequence of events, which is based on evidence bearing more than sufficient indicia of reliability to support probable cause to arrest. *See Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity.") (internal citation omitted).

Harrison raises the same arguments on appeal as he did in district court, seeking to cast doubt on Morgan's identification and to raise questions concerning the Defendants' case against

him. But he provided no evidence in district court, and cannot point to any now, showing that the district court erred in granting summary judgment on this claim. Harrison questions how probable cause existed when Morgan's October 2013 "supporting deposition" describing the May 2012 events leading to Harrison's arrest was written "17 months" after his arrest. He also focuses on an alleged inconsistency between Morgan's deposition, in which she stated that she received a call from a female cashier regarding the first transaction, and the video surveillance, which shows that a male, not a female, employee assisted him with that transaction. Because probable cause is assessed "based upon [] the facts known by the arresting officer at the time of the arrest," *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006), however, any statements from Morgan's supporting deposition over a year later, and any alleged inconsistency between that statement and video surveillance, could not have been known to the arresting officer "at the time of the arrest." *Id.* It was Morgan's June 1 identification from the photo array that provided probable cause. Accordingly, Harrison's arguments do not undermine the Defendants' "reasonably trustworthy information" that he had used counterfeit currency at Target, which supported probable cause to arrest him. *See Singer*, 63 F.3d at 119. The district court properly granted summary judgment on this claim.

Next, in order to prevail on a § 1983 claim for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law. *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010). "To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id.* (internal quotation marks omitted). The district court focused on the third element. "'Under New York law, even

5

when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause. In order for probable cause to dissipate, the groundless nature of the charge must be made apparent by the discovery of some intervening fact.'" *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996)). Regarding the third element, under New York law, Harrison's prosecution commenced when he was arraigned because a warrant for his arrest was never issued. *Broughton v. New York*, 37 N.Y.2d 451, 456–57 (1975).

Harrison claims that the Defendants wanted to arrest and incarcerate him regardless of whether he committed the crime, and that they manufactured evidence and witnesses to simulate probable cause. He raises the same argument here as he did on his false arrest claim—*i.e.*, that Morgan's deposition statement was inconsistent with the video surveillance evidence. But as the district court observed, even assuming the purported inconsistency between Morgan's written statement and the surveillance video on which Harrison relies, that inconsistency would not have vitiated probable cause. Nor does Harrison cite any evidence or other information the prosecutors may have known between the time of his June 11, 2012 arrest and his arraignment (or thereafter) that raises a genuine dispute of material fact as to the continued existence of probable cause.

Further, Harrison's vague arguments are also insufficient to raise a material issue as to actual malice, the fourth element of a malicious prosecution claim. Such malice may be proven by showing that the prosecutor had "a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth*, 82 F.3d at 573 (internal quotation marks omitted). "A lack of probable cause generally creates an inference of malice." *Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003). Harrison's assertions that the Defendants fabricated evidence are unsupported by any evidence and are insufficient to create a question of material fact to overcome summary judgment. *See Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) ("To

6

defeat summary judgment . . . nonmoving parties must do more than simply show that there is some metaphysical doubt as to the material facts, and they may not rely on conclusory allegations or unsubstantiated speculation." (internal quotation marks and citation omitted)).  We therefore conclude that the district court properly granted summary judgment on this claim.

We have considered all of Harrison's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court