Morgan v Village of Mohawk
2026 NY Slip Op 02748
May 1, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

PETER R. MORGAN, PLAINTIFF-APPELLANT,
v
VILLAGE OF MOHAWK, MOHAWK, NEW YORK DEFENDANT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on May 1, 2026
170 CA 24-00242
Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

PETER R. MORGAN, PLAINTIFF-APPELLANT PRO SE.
BAILEY, JOHNSON & PECK, P.C., ALBANY (RYAN P. BAILEY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Herkimer County (Mark R. Rose, J.), entered September 28, 2023. The order granted defendant's motion for summary judgment and dismissed the complaint.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging, inter alia, a claim for false arrest after he was arrested for harassment in the second degree. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, and plaintiff appeals. We affirm.
To prevail on a cause of action for false arrest, a "plaintiff must show that: (1) the defendant intended to confine [them], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied 423 US 929 [1975]; see De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]; Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]). The burden is on the defendant to prove legal justification as an affirmative defense (see Broughton, 37 NY2d at 458). "The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim" of false arrest (Martinez, 97 NY2d at 85; see Broughton, 37 NY2d at 458; Taylor v City of Buffalo, 229 AD3d 1125, 1127 [4th Dept 2024]; Hernandez v Denny's Corp., 177 AD3d 1372, 1374 [4th Dept 2019]). "[A] conviction [that] survives appeal [is] conclusive evidence of probable cause" (Broughton, 37 NY2d at 458).
Plaintiff was convicted of harassment in the second degree (Penal Law § 240.26 [3]), and he did not appeal from the judgment of conviction. The conviction is conclusive evidence that probable cause existed for the arrest (see Broughton, 37 NY2d at 458), and thus the claim for false arrest was properly dismissed (see Bennett v New York City Hous. Auth., 245 AD2d 254, 254 [2d Dept 1997]; see also Kandekore v Town of Greenburgh, 243 AD2d 610, 610 [2d Dept 1997], lv denied 91 NY2d 810 [1998]; Hugar v Nigro, 207 AD2d 954, 955 [4th Dept 1994]).
We have considered plaintiff's remaining contentions and conclude that they do not warrant modification or reversal of the order.
Entered: May 1, 2026
Ann Dillon Flynn
Clerk of the Court