**Donald P. ROSENDALE,**
**Plaintiff–Appellant,**

v.

**Arlene IULIANO, as Amenia, N.Y. Town Supervisor, Terry Binotto, as Amenia, N.Y. Town Zoning Code Enforcement Officer, Town of Amenia, New York, Tamarack Preserve Ltd., as "State Actors," Defendants–Appellees.**

No. 02–7370.

United States Court of Appeals, Second Circuit.

May 20, 2003.

Donald P. Rosendale, Amenia, New York, for Appellant, pro se.

Terry Rice, Rice & Amon, Suffern, New York, for Defendants–Appellees Arlene Iuliano, Terry Binotto, and Town of Amenia, New York.

Russel H. Beatie, Beatie & Osborn LLP, New York, New York, for Defendant–Appellee Tamarack Preserve Ltd.

PRESENT: KEARSE, JACOBS, and CABRANES, Circuit Judges.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 20th day of May, two thousand three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court be AFFIRMED.

Plaintiff-appellant *pro se* Donald P. Rosendale appeals from a judgment entered in the United States District Court for the Southern District of New York (Cote, *J.*) on February 28, 2002, granting summary judgment to defendants on his 42 U.S.C. §§ 1983 and 1985 claims, and dismissing his pendent state law claims without prejudice pursuant to 28 U.S.C. § 1367.[1]  In

---

1. Rosendale appeals independently from the district court's subsequent denial of his mo- tions for reconsideration and for leave to amend his complaint.  We dispose of that

essence, Rosendale alleged that defendants violated the Fifth Amendment, the Fourteenth Amendment, and New York state law in the issuance and enforcement of a special use permit for the operation of a rod-and-gun club on land adjacent to his property.

We review the district court's grant of summary judgment *de novo*. *See Young v. County of Fulton*, 160 F.3d 899, 902 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

We affirm for substantially the reasons stated in the district court's decision. First, Rosendale's substantive and procedural due process claims fail because he has established no cognizable property interest in the town's land use regulation and enforcement, which were discretionary. *See Gagliardi v. Village of Pawling*, 18 F.3d 188, 191–93 (2d Cir.1994) (holding that "a constitutionally protected property interest in land use regulation arises only if there is an entitlement to the relief sought by the property owner").

Second, Rosendale's § 1985 conspiracy claim fails because he has demonstrated no cognizable federal right, *see Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir.1990) (observing that § 1985(3) "provides no substantive rights itself" and requires plaintiff to establish that defendants sought "to deprive [him] of a right covered by the Constitution or other laws"), and because he has demonstrated no improper discriminatory animus, *see Gagliardi*, 18 F.3d at 194 ("To recover under section 1985(3), a plaintiff must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.' ") (citation omitted).

Third, the district court properly dismissed Rosendale's pendent state law nuisance claims without prejudice on the ground that questions of New York state law would substantially predominate in their resolution. *See Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir.2001) (noting that dismissal of pendent state law claims is appropriate where all federal claims have been dismissed and "it appears that the state issues substantially predominate") (internal quotation marks omitted); 28 U.S.C. § 1367(c)(3). Rosendale did not pursue a takings claim which at least would have mouthed federal law. *See Rosendale v. Iuliano*, No. 99 Civ. 11701, 2002 WL 215656, at *7 (S.D.N.Y. Feb.13, 2002).

Finally, we decline to consider arguments Rosendale raises for the first time on appeal, including constitutional vagueness. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule ... that a federal appellate court does not consider an issue not passed upon below.").

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

appeal in a separate summary order issued today.