**Donald P. ROSENDALE,**
**Plaintiff–Appellant,**

v.

**Arlene IULIANO, as Amenia, N.Y. Town Supervisor, Terry Binotto, as Amenia, N.Y. Town Zoning Code Enforcement Officer, Town of Amenia, New York, Tamarack Preserve Ltd., as "State Actors," Defendants–Appellees.**

**Docket No. 02–9268.**

United States Court of Appeals,
Second Circuit.

May 20, 2003.

See also: 63 Fed.Appx. 52.

**12**

Donald P. Rosendale, Amenia, New York, pro se.

Terry Rice, Rice & Amon, Suffern, New York, for Defendants–Appellees Arlene Iuliano, Terry Binotto, and Town of Amenia, New York.

Russel H. Beatie, Beatie & Osborn LLP, New York, New York, for Defendant–Appellee Tamarack Preserve Ltd.

PRESENT: KEARSE, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 20th day of May, two thousand three.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant *pro se* Donald P. Rosendale appeals from an order entered in the United States District Court for the Southern District of New York (Cote, *J.*) on September 10, 2002, denying his motion for reconsideration pursuant to Fed. R.Civ.P. 60(b) and for leave to amend his complaint after summary judgment had been granted to defendants.[1] In essence, Rosendale's motion invited the district court to reconsider its dismissal of his claims in light of (a) newly discovered evidence, (b) misrepresentations about the nature of defendant Tamarack Preserve's activities, and (c) an unpleaded First Amendment retaliation theory.

Rule 60(b) provides that, "[o]n motion and upon such terms as are just," the district court "may relieve a party ... from a final judgment" for several reasons, including (among other things) mistake, newly discovered evidence, and "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). "An appeal from the denial of a motion for relief under Rule 60 'brings up only the denial of the motion and not the [merits of the underlying] judgment itself.'" *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir.1994) (alteration in original) (citations omitted). "We review district court rulings on Rule 60(b) motions for abuse of discretion." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998) (citations omitted). We also review "the denial of leave to

---

1. Rosendale appeals independently from the district court's prior grant of summary judgment to defendants and the dismissal of his claims. We dispose of that appeal in a separate summary order issued today.

amend a complaint" only for abuse of discretion. *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir.2002).

We find no abuse of discretion and affirm for substantially the reasons stated in the district court's decision.

■ First, as to Rosendale's purported newly discovered evidence, the district court soundly observed that, "[e]ven if Tamarack is, in fact, operating in violation of municipal law, and even if [Amenia CEO Donald] Smith acknowledged that a variance was required, Rosendale has pointed to no provision of law that requires the Town to institute enforcement proceedings against Tamarack." *Rosendale v. Iuliano*, No. 99 Civ. 11701, 2002 WL 2031564, at *3 (S.D.N.Y. Sept.4, 2002). Rosendale's due process claims therefore still rest upon no cognizable property interest. *See Zahra v. Town of Southold*, 48 F.3d 674, 681–82 (2d Cir.1995) ("The mere existence of *procedures* for obtaining a permit or certificate do not, in and of themselves, create constitutional 'property interests,'" and "the mere violation of a state law does not automatically give rise to a violation of federal constitutional rights.") (emphasis in original); *Gagliardi v. Village of Pawling*, 18 F.3d 188, 191–93 (2d Cir.1994).

■ Second, Rosendale's argument that defendants misrepresented the nature of Tamarack's activities entitles him to no relief under Rule 60(b) because, as the district court observed, "[t]his argument is merely an effort to relitigate the merits" and "does not present newly discovered evidence." *Rosendale*, 2002 WL 2031564, at *4. Moreover, as the district court also noted, "such a representation, even if incorrect, is not material because it does not alter the conclusion that the municipal defendants retained discretion in enforcing the Town's zoning laws." *Id.*

■ Third, the district court did not abuse its discretion by declining to grant Rosendale relief under Rule 60(b) on the basis of an unpleaded First Amendment retaliation claim, nor did it abuse its discretion by denying Rosendale leave to amend his complaint belatedly to include that claim. The Rule 60(b) motion asserted for the first time that Rosendale was denied a certificate of occupancy for several years in retaliation for his conduct in opposing the gun club neighboring his property. Rosendale argues that he could not assert this claim earlier because it did not satisfy the ripeness test applied in an unrelated case, *Kittay v. Giuliani*, 112 F.Supp.2d 342, 348–49 & n. 4 (S.D.N.Y. 2000) (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)), *aff'd on other grounds*, 252 F.3d 645 (2d Cir.2001). According to Rosendale, the legal landscape changed shortly after Judge Cote dismissed his claims, when this Court issued its decision in *Dougherty v. Town of North Hempstead Board of Zoning Appeals*, 282 F.3d 83 (2d Cir.2002), holding that a "First Amendment retaliation claim should not be subject to the application of the *Williamson* ripeness test" when the plaintiff "suffered an injury at the moment the defendants revoked his [building] permit, and [his] pursuit of a further administrative decision would do nothing to further define his injury." *Id.* at 90.

These arguments do not compel relief under Rule 60(b). *See Paddington Partners*, 34 F.3d at 1147 ("An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief...."). Neither Rosendale's final amended complaint nor his opposition to defendants' motion for summary judgment made any mention of the denial of

**14**

his certificate of occupancy or a First Amendment retaliation claim.

■ Nor do these arguments entitle Rosendale to amend his complaint at this stage. "[O]nce judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." *National Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 244 (2d Cir.1991) (internal quotation marks omitted). While we have held that "[a] *pro se* plaintiff who brings a civil rights action should be 'fairly freely' afforded an opportunity to amend his complaint, even if he makes the request after the court has entered judgment dismissing his original complaint," *Satchell v. Dilworth,* 745 F.2d 781, 785 (2d Cir.1984) (citation omitted), this "fairly free" indulgence does not foreclose discretion. In the course of this action, Rosendale availed himself of at least two opportunities to amend his complaint. He is an experienced litigant who had the benefit of legal advice during portions of the pleading stages of this litigation. The district court may have had the power to allow resuscitation of this action after the claims were dismissed, but it was not bound to do so. *Cf. Freeman v. Continental Gin Co.,* 381 F.2d 459, 469 (5th Cir.1967) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.").

Moreover, Rosendale's failure to submit a proposed amended pleading with his post-judgment motion prevented the district court from considering the constitutional and procedural issues implicated by his First Amendment retaliation claim. Defendants argue that *Kittay* did not preclude Rosendale from pleading his First Amendment claim, that *Dougherty* did not make new law with respect to this type of claim, and that his claim is barred in any event by a three-year statute of limita-

tions. (Defs.' Br. at 24–27.) Without a proposed pleading, the district court could not determine whether Rosendale's claim could survive a motion to dismiss, whether it was futile, or whether it was frivolous. *See Dougherty,* 282 F.3d at 87–88 (noting that futility of amendment will serve to prevent amendment). Under these circumstances, the court did not abuse its discretion in denying Rosendale leave to amend his complaint. *Cf. State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld,* 921 F.2d 409, 418 (2d Cir.1990) (imputing lack of good faith to plaintiff in part because plaintiff "did not file a proposed amended complaint" when it sought leave to amend); *Twohy v. First Nat'l Bank of Chicago,* 758 F.2d 1185, 1197 (7th Cir.1985) (observing that "normal procedure is for the proposed amendment or new pleading to be submitted" with the motion for leave to amend, and that failure to do so "indicates a lack of diligence and good faith"). We express no view on the propriety, sufficiency, or timeliness of Rosendale's First Amendment retaliation claim.

■ Finally, we decline to consider arguments Rosendale raises for the first time on appeal, including promissory estoppel. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule ... that a federal appellate court does not consider an issue not passed upon below.").

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**