Donald P. ROSENDALE,
Plaintiff–Appellant,

v.

Thomas LEJEUNE, as Amenia, N.Y. Town Supervisor, Donald J. Smith, as Amenia, N.Y. Zoning Code Enforcement Officer, The Town of Amenia, New York, Defendants–Appellees.

No. 06–2258–cv.

United States Court of Appeals, Second Circuit.

May 16, 2007.

Donald P. Rosendale, Amenia, NY, pro se, for Appellant.

Terry Rice, Rice & Amon, Suffern, NY, for Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DONALD C. POGUE,* Judge.

### SUMMARY ORDER

We assume the parties' familiarity with the underlying facts and procedural history of the case.

Plaintiff-appellant Donald P. Rosendale, pro se, appeals from a judgment entered in the United States District Court for the Southern District of New York (Charles L. Brieant, *Judge*) on March 13, 2006, granting summary judgment to the defendants and dismissing his pendent state law claims without prejudice. *Rosendale v. Lejeune*, 420 F.Supp.2d 315 (S.D.N.Y.2006) (*Rosendale*). The district court decided that to the extent that Rosendale's First Amendment retaliation claims arose prior to February 13, 2002, the date the district court accepted Rosendale's Third Amendment complaint in the previous litigation, *see Rosendale v. Iuliano*, 2002 WL 215656, 2002 U.S. Dist. LEXIS 2173 (Feb. 13, 2002 S.D.N.Y.), *aff'd*, 63 Fed.Appx. 52 (2d Cir.

2003), the action is barred by the doctrine of res judicata (i.e. the doctrine that once a claim has been finally disposed of by a court, it cannot be brought against the same defendant again), and that to the extent the claim was based on incidents of retaliation on or after February 13, 2002, Rosendale had failed to submit adequate evidence of retaliatory motive, *Rosendale*, 420 F.Supp.2d at 326.

█ We conclude that, for the reasons stated by the district court, res judicata bars the claims based on incidents occurring before February 13, 2002. Although we think there may be sufficient evidence to support Rosendale's First Amendment retaliation claim to the extent that it is based on incidents occurring after February 13, 2002, Rosendale has not exhausted his state remedies with regard to such a claim as required by *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Rosendale did not experience an immediate injury as a result of the defendants' actions. Requiring him to pursue additional administrative remedies, such as appealing to the Zoning Board of Appeals, would further define his injuries. *See Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 350 (2d Cir.2005). The claim is therefore not yet ripe for review.

We have reviewed the remainder of Rosendale's arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED as to the claims based on incidents occurring before February 13, 2002, and VACATED and REMANDED as to

---

* The Honorable Donald C. Pogue, of the United States Court of International Trade, sitting by designation.

the claims based on incidents occurring on or after that date, with instructions that they be dismissed without prejudice for lack of ripeness.