09-1749-cv
Rosendale v. Brusie

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand and ten.

PRESENT:
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> > *Circuit Judges,*
> JED S. RAKOFF,
> > *District Judge.**

_____

Donald P. Rosendale,

> *Plaintiff-Appellant,*

> v.                                                                      09-1749-cv

Nancy Brusie, as Amenia N.Y. Zoning Code Enforcement Officer, Donald Smith, Town of Amenia, New York,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| For Appellant: | Donald P. Rosendale, *pro se*, Amenia, N.Y. |
| For Appelles: | Terry Rice, Rice & Amon, Suffern, N.Y. |

---

* Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Donald P. Rosendale, *pro se*, appeals the district court's dismissal of his action filed pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the cases, and the issues on appeal.

Because the only claim that Rosendale has discussed in his initial brief on appeal is his claim of retaliation in violation of his First Amendment rights and he has failed to specifically address his due process, equal protection, tax, and state law claims on appeal, any challenge to the district court's disposition of those claims is deemed waived and will not addressed. *See Sledge v. Kooi*, 564 F.3d 105, 106 n.1 (2d Cir. 2009)*; LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

As to the First Amendment retaliation claim, we review *de novo* the district court's dismissal of a complaint, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in [Rosendale's] favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). As the district court explained, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Recently, this Court interpreted the Supreme Court's holding in *Twombly* to mean that Federal Rule of Civil Procedure 8(a)(2) "requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *rev'd sub nom. Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937 (2009). It is apparent from the Supreme Court's decision reversing this Court in *Iqbal* that the cases requiring such amplification are the rule, not the exception, and the Supreme Court has made clear that its holding in *Twombly* was an interpretation of Rule 8 itself, applicable to all civil actions. *See Iqbal*, 129 S. Ct. at 1953. Accordingly, although the courts remain obligated to construe a *pro se* complaint liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must contain sufficient factual allegations to meet the plausibility standard.

We conclude that the district court properly dismissed Rosendale's First Amendment retaliation claim, as the complaint failed to allege facts sufficient to state a retaliation claim against either Smith or Brusie. As the district court stated, to prevail on a claim that actions were taken as retaliation for the exercise of First Amendment rights, a plaintiff must show that: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001). Accordingly, to plausibly state a claim for retaliation, a plaintiff must state facts that could, if proven, satisfy this standard. With respect to the third prong of the test–that the defendants' actions chilled his speech–Rosendale alleged in his amended complaint only that the threats by town officials regarding his senior citizen tax exemption had a chilling effect on his free speech because it had caused him to drop a suit in federal court, to decline offers to run for public office, and to stop speaking at town meetings. Because Rosendale has not named the individuals responsible for those threats as defendants, the retaliation claim fails. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (providing that to state a claim under § 1983, a plaintiff must allege personal involvement of a defendant). The complaint does not contain any similar

specific allegations that his speech was chilled by acts of Smith or Brusie.

To the extent that Rosendale's intent was to allege a conspiracy amongst the defendants, so that the named defendants–Smith and Brusie–could be held liable for the chilling effect of the actions of the unnamed defendants, the conspiracy claim fails as it has not been sufficiently alleged. Although a *pro se* complaint is liberally construed, an allegation of conspiracy requires more than conclusory allegations. *See Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1998) (applying the heightened requirement for conspiracy claims in a *pro se* § 1983 action). Because Rosendale made no specific allegations of conspiracy in his complaint, other than alleging that the retaliation against him was conspiratorial, the district court properly found that Rosendale had failed to sufficiently allege a conspiracy.

To the extent that he has named the Town of Amenia as a defendant separate from Smith and Brusie, his claims also fail under § 1983, as a § 1983 claim against a municipality can succeed only where a plaintiff has alleged that the municipal employees acted pursuant to a governmental custom, policy, ordinance, regulation, or decision. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Dunton v. County of Suffolk*, 729 F.2d 903, 907 (2d Cir. 1984). Rosendale made no such allegation in his complaint.

We also address Rosendale's argument that the defendants were barred from challenging the sufficiency of his complaint on the basis of our decision in *Rosendale v. LeJeune*, 233 F. App'x 51, 52, 2007 WL 1454358 (2d Cir. 2007), in which we dismissed Rosendale's First Amendment retaliation claim as unripe for review. As to the merits of the claim, we stated only that "we [thought] there may be sufficient evidence to support Rosendale's First Amendment retaliation claim to the extent that it is based on incidents occurring after February 13, 2002." However, that statement did not make any decision on the merits of the claim, as the ultimate

4

disposition was dismissal of the claim as not ripe for review. Because we did not dispose of the claim on the merits and as our dismissal of that claim was without prejudice, that statement has no res judicata effect. *C.f.*, *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002) (holding that "a dismissal, with prejudice, arising out of a settlement agreement, operates as a final judgment for *res judicata* purposes").

Finally, we find that the district court did not abuse its discretion by denying leave to amend. *See Salahuddin*, 861 F.2d at 42 (reviewing a denial of leave to amend for an abuse of discretion). Here, Rosendale has had multiple opportunities to amend his claims but did not submit the proposed amendment for review by the district court. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (per curiam) (indicating that leave to amend is not required where amendment would be futile); *see also Rosendale v. Iuliano*, 67 F. App'x 10, 14 (2d Cir. 2003) (unpublished) (concluding that the district court had not abused its discretion by denying leave to amend where Rosendale had not submitted a proposed amended complaint). The numerous opportunities that Rosendale has had to clarify or restate his claims and his failure to do so, in conjunction with his failure to submit a proposed amended pleading, provide a sufficient basis for a finding that the district court did not abuse its discretion by denying leave to amend.

We have reviewed the remainder of Rosendale's arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5