15-1251-cv
Smith v. County of Nassau

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of March, two thousand sixteen.

Present:        PIERRE N. LEVAL,
                ROSEMARY S. POOLER,
                RICHARD C. WESLEY
                        *Circuit Judges*.

---

MICHAEL SMITH,

                        *Plaintiff-Appellee*,

                v.                                                15-1251-cv

COUNTY OF NASSAU, POLICE OFFICER TIMOTHY SLEVIN,
in his official and individual capacity, POLICE OFFICER MARTIN HELMKE,
in his official and individual capacity, POLICE OFFICERS  JOHN AND JANE
DOES, 1-10, in their official and individual capacities,

                        *Defendants-Appellants,*

POLICE OFFICER JAMES HEALY, in his official and individual capacity,
POLICE OFFICER NICOLE LODUCA, in her official and individual capacity,
ZURICH ASSOCIATES, LTD., ANNA GAETANO, in her official and individual
capacity, HARRY G. TEREZAKIS, in his official and individual capacity,

                        *Defendants.*

---

Appearing for Appellants:     Robert F. Van der Waag, Deputy County Attorney, *for* Carnell T.
                              Foskey, Nassau County Attorney, Mineola, NY.

Appearing for Appellee:       Gregory Calliste, Jr. (Frederick K. Brewington, *on the brief*), Law
                              Offices of Frederick K. Brewington, Hempstead, NY.

Appeal from the United States District Court for the Eastern District of New York
(Brodie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Police Officer Timothy Slevin, Police Officer Martin Helmke, Police Officers John and Jane Does 1-10, and the County of Nassau appeal from the March 31, 2015 order of the United States District Court for the Eastern District of New York (Brodie, *J.*) denying their motion for summary judgment on Michael Smith's false arrest and abuse of process claims on the ground of qualified immunity. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

With respect to appellants' argument that the district court lacked the authority to conduct de novo review of the magistrate judge's report and recommendation, we do not have jurisdiction to consider this claim on interlocutory appeal. *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995) ("The Eleventh Circuit's authority immediately to review the District Court's denial of the individual police officer defendants' summary judgment motions did not include authority to review at once the unrelated question of the county commission's liability."); *see also Merritt v. Shuttle, Inc.*, 187 F.3d 263, 268 (2d Cir. 1999).

We next turn to Smith's false arrest claim. Under New York Law, which is applicable here, "an action for false arrest requires that the plaintiff show that '(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement[,] and (4) the confinement was not otherwise privileged.'" *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (quoting *Broughton v. State*, 335 N.E.2d 310, 314 (N.Y. 1975)). "Probable cause 'is a complete defense to an action for false arrest' brought under New York law or § 1983." *Id.* (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). To determine whether probable cause existed for an arrest, a court "assess[es] whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." *Ackerson*, 702 F.3d at 19 (internal quotation marks omitted). Further, even if there was no probable cause for the arrest, a police officer is shielded by qualified immunity in a false arrest case if arguable probable cause existed. "Arguable probable cause exists when 'a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law.'" *Cerrone v. Brown*, 246 F.3d 194, 202-03 (2d Cir. 2001) (quoting *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir. 1997)).

Smith was arrested for criminal trespass in the third degree, which, under New York law, occurs when, as is relevant here, a person "knowingly enters or remains unlawfully in a building or upon real property . . . which is fenced or otherwise enclosed in a manner designed to exclude intruders." N.Y. Penal Law § 140.10(a). The district court held that there were issues of material fact as to whether the arresting officers had probable cause to believe that Smith *knowingly* entered or remained on the property unlawfully, because there was evidence that Slevin and Helmke were aware that Smith believed he had a lawful right to occupy the property. We agree.

In particular, taking Smith's version of the facts as true, two police officers, including Officer Andrew Huksloot, heard the property owner grant Smith a temporary license to remain on the property, and Huksloot told Slevin "the details of his investigation . . . regarding the incident" on October 12, 2009. App'x at 833-34. Drawing all inferences in Smith's favor, as we must, we can infer that Huksloot told Slevin that the property owners granted Smith a license to stay, which is a defense to the charge of trespass. Because "a police officer's awareness of the facts supporting a defense can eliminate probable cause," *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003), the district court was correct to deny defendants' summary judgment motion.

Further, there is also a factual dispute as to the basis for Smith's arrest. Taking Smith's version of the facts as true, and drawing all inferences in Smith's favor, the fact finder could conclude that the arresting officers did not have probable cause to arrest Smith based on the occurrences before the day of arrest and that, contrary to Slevin's contentions, Smith did not attempt to reenter the property after being removed from it on October 23, 2009. Under these circumstances, a jury could conclude that arguable probable cause did not exist. However, we emphasize that Slevin's subjective reason for arresting Smith is not relevant to this analysis, as "[i]n evaluating the legitimacy of police conduct under the Fourth Amendment, we look to objective circumstances rather than an officer's subjective motivation." *Bradway v. Gonzales*, 26 F.3d 313, 319 (2d Cir. 1994); *see also, e.g.*, *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *Scott v. United States*, 436 U.S. 128, 138 (1978); *Bryant v. City of New York*, 404 F.3d 128, 136 (2d Cir. 2005); *Lee v. Sandberg*, 136 F.3d 94, 103 n.5 (2d Cir. 1997).

Finally, to the extent appellants also seek to appeal the district court's ruling on Smith's abuse of process claim, based on the theory that arguable probable cause existed, we affirm that ruling for the same reasons as set forth above and the additional reasons articulated by the district court.

We have considered the remainder of appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3