Felli v Catholic Charities of Steuben County (2019 NY Slip Op 06328)





Felli v Catholic Charities of Steuben County


2019 NY Slip Op 06328


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


685 CA 19-00252

[*1]JAY FELLI, PLAINTIFF-APPELLANT,
v
CATHOLIC CHARITIES OF STEUBEN COUNTY, CATHOLIC CHARITIES OF THE DIOCESE OF ROCHESTER, KINSHIP FAMILY AND YOUTH SERVICES, INC., HEATHER MEEHAN AND SHERRY GATES, DEFENDANTS-RESPONDENTS. 






LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., ROCHESTER (DAVID KAGLE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON, LLP, ROCHESTER (SCOTT P. ROGOFF OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered June 25, 2018. The order granted defendants' motion to dismiss plaintiff's amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff was a resident of a residential treatment facility for people trying to recover from substance abuse that was operated by defendant Catholic Charities of Steuben County (see generally 14 NYCRR part 800 et seq.). Upon entering the facility, plaintiff signed a Resident and Staff Responsibilities Contract (RSR contract), an initial tobacco free/smoking contract, and a form acknowledging the facility's disciplinary procedures. Pursuant to the RSR contract, plaintiff agreed that the facility staff could enter his room without permission "to make routine maintenance checks and at any other time there [was] a concern for health or safety . . . or whe[n] there [was] a concern that [plaintiff was] not complying with program expectations," and plaintiff further agreed to make arrangements and make it known if he was away overnight; to certain visitor restrictions; to work toward the goal of abstinence; and to participate in developing and following a service plan, i.e., by "[m]eet[ing] with [his] primary counselor on a regularly scheduled basis (at least once a week) to discuss [the] plan, services, progress, any changes in [the] plan and any other concerns that need to be shared." Plaintiff was discharged from the facility for, inter alia, breaching the confidentiality rights of other residents. Plaintiff thereafter commenced this action and asserted causes of action for unlawful eviction in violation of RPAPL article 7, and for deprivation of property without due process of law in violation of the Civil Rights Act of 1871 (42 USC § 1983). Supreme Court granted defendants' motion to dismiss the amended complaint pursuant to CPLR 3211 (a) (7), and plaintiff appeals. We affirm.
Accepting as true the facts set forth in the amended complaint and according plaintiff the benefit of all favorable inferences arising therefrom, as we must in the context of the instant motion (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that the amended complaint failed to state a cause of action for unlawful eviction inasmuch as plaintiff was not a tenant under the RPAPL, but rather was a licensee (see David v #1 Mktg. Serv., Inc., 113 AD3d 810, 811 [2d Dept 2014]; Coppa v LaSpina, 41 AD3d 756, 759 [2d Dept 2007], lv denied 13 NY3d 706 [2009]; Andrews v Acacia Network, 59 Misc 3d 10, 11-12 [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2018]), and thus defendants were not required to use the eviction procedures set forth in RPAPL article 7 before removing plaintiff from the premises (see Coppa, 41 AD3d at 759; Soto v Pitkin Junius Holdings, LLC, 58 Misc 3d 153[A], 2018 NY Slip Op 50156[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; see generally Tantaro v [*2]Common Ground Community Hous. Dev. Fund, Inc., 147 AD3d 684, 684 [1st Dept 2017], lv dismissed in part and denied in part 30 NY3d 1016 [2017]).
We further conclude that the court properly granted the motion with respect to plaintiff's cause of action for deprivation of property without due process of law pursuant to 42 USC § 1983 inasmuch as a "licensee acquires no possessory interest in property" (P & A Bros. v City of New York Dept. of Parks & Recreation, 184 AD2d 267, 269 [1st Dept 1992]). As a licensee, "[p]laintiff enjoyed no legally cognizable or constitutionally protected possessory right to the [residency at the facility]," and he therefore failed to state a cause of action for deprivation of property without due process (Pelt v City of New York, 2013 WL 4647500, *9 [ED NY, Aug. 28, 2013, No. 11-CV-5633 (KAM)(CLP)]; see Smith v County of Nassau, 2015 WL 1507767, at *8 [ED NY, Mar. 31, 2015, No. 10-CV-4874 (MKB)], affd 643 Fed Appx 28 [2d Cir 2016]; see generally Rosendale v Iuliano, 63 Fed Appx 52, 53 [2d Cir 2003]).
We have reviewed plaintiff's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court